UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>and,<br><br>MARIA CRUZ CONTRERAS and SOFIA VERA RODRIGUEZ,<br><br>Plaintiff-Intervenors,<br><br>v.<br><br>GIPHX10 LLC, d/b/a HAWTHORN SUITES BY WYNDHAM,<br><br>Defendant. | CASE NO. 2:20-cv-01369-RAJ-BAT<br><br>**ORDER GRANTING MOTION TO INTERVENE** |

Proposed Plaintiff-Intervenors Maria Cruz Contreras and Sofia Vera Rodriguez request leave to intervene as Plaintiffs in the above-captioned action pursuant to Rule 24(a)(1) of the Federal Rules of Civil Procedure ("Fed.R.Civ.P."). Defendant has filed no opposition to the motion. Having thoroughly considered the motion and relevant record, the Court **GRANTS** the motion to intervene as a matter of right pursuant to Fed. R. Civ. P. 24(a)(1).

BACKGROUND

The EEOC is the Federal agency charged by Congress with the interpretation, administration and enforcement of federal statutes banning employment discrimination, including Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et. seq.* ("Title VII"). In

ORDER GRANTING MOTION TO
INTERVENE - 1

this capacity, the EEOC filed the complaint in this action on September 17, 2020 against the Defendant, alleging unlawful employment practices in violation of § 703(a) of Title VII, 42 U.S.C. § 2000e, stemming from the charges of discrimination filed by the Plaintiff-Intervenors with the EEOC. Dkt. 1.

The present procedural posture of the case is that the deadline for joining additional parties is March 15, 2021. Dkt. 11. Defendant has propounded written discovery to Plaintiff EEOC, which EEOC has answered. No trial date has yet been set for this action.

In addition to their claims of discrimination in violation of Title VII, Plaintiff-Intervenors seek to bring state law claims for discrimination pursuant to the Washington Law Against Discrimination, RCW 46.90, which share a common nucleus of operative facts.

## DISCUSSION

Rule 24 provides, in relevant part, "(a) Intervention of Right. On timely motion, the court must permit anyone to intervene who: (1) is given an unconditional right to intervene by a federal statute…". Title VII provides an aggrieved employee with an absolute right to intervene in a civil action brought by the EEOC. Title VII states:

> …[T]he person or persons aggrieved shall have the right to intervene in a civil action brought by the Commission or the Attorney General in a case involving a government, governmental agency, or political subdivision….

42 U.S.C. 42 U.S.C. § 2000e – 5(f)(1).

Rule 24 also requires that the application to intervene be timely. The Court considers the following factors in determining whether intervention is timely: (1) the state of the proceeding at which an applicant seeks to intervene, (2) the prejudice to other parties, and (3) the reason for and length of the delay. *United States v. State of Washington*, 86 F.3d 1499, 1503 (9th Cir. 1996).

ORDER GRANTING MOTION TO
INTERVENE - 2

This motion is timely as the Plaintiff-Intervenors seek to join in this lawsuit at a very early stage of the proceedings. This action was filed by the EEOC on September 17, 2020. The deadline for joining additional parties is March 15, 2021. The Defendant has propounded one round of written discovery to Plaintiff EEOC, and the EEOC has responded. The trial date has not been set. The Defendant will not be prejudiced by the court granting Plaintiff-Intervenors permission to intervene at this early stage of the proceedings.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff-Intervenors' motion to intervene (Dkt. 12). Plaintiff-Intervenors shall file their Complaint in Intervention within ten (10) days of this Order.

DATED this 9th day of March, 2021.

BRIAN A. TSUCHIDA
Chief United States Magistrate Judge

ORDER GRANTING MOTION TO
INTERVENE - 3