Sean M. Phelan, WSBA #27866
FRANK FREED SUBIT & THOMAS, LLP
705 Second Avenue, Suite 1200
Seattle, WA 98104
Tel: (206) 682-6711
Fax: (206) 682-0401

Attorney for Plaintiff-Intervenors

The Honorable Brian A Tsuchida

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br>and,<br><br>MARIA CRUZ CONTRERAS and SOFIA VERA RODRIGUEZ,<br><br>Plaintiff-Intervenors,<br><br>vs.<br><br>GIPHX10, LLC d/b/a "HAWTHORN SUITES BY WYNDHAM,"<br><br>Defendant. | CASE NO 2:20-cv-01369-RAJ-BAT<br><br>**PLAINTIFF-INTERVENORS' MOTION FOR JOINDER BY COURT ORDER TO JOIN JAFFER HOSPITALITY GROUP AS PARTY**<br><br>NOTE ON MOTION CALENDAR:<br>May 14, 2021 |

## I.   INTRODUCTION

Plaintiff-Intervenors Maria Cruz Contreras and Sofia Vera Rodriguez respectfully move this Court to join Jaffer Hospitality Group as a party under Fed. R. Civ. P 19 and 20. Jaffer Hospitality Group is a private company headquartered in Edmonton, Canada, that operates

MOTION FOR JOINDER BY COURT ORDER
TO JOIN JAFFER HOSPITALITY GROUP
AS PARTY - 1

FRANK FREED
SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798
(206) 682-6711

Defendant's hotel, GIPHX10, dba as Hawthorn Suites by Wyndham (hereinafter "Hawthorn Suites"), located in Kent, Washington. At the time of the injuries described in Plaintiff's Complaint and Plaintiff-Intervenors' Complaint in Intervention, Jaffer Hospitality Group was Plaintiff-Intervenors' "employer" within the meaning of the term under federal and state law. Consequently, Jaffer Hospitality Group, along with Hawthorn Suites, is liable for Plaintiff-Intervenors' injuries under state and federal employment discrimination law, and is therefore, "a necessary party." In the alternative, Plaintiff-Intervenors submit that Jaffer Hospitality Group should be permissively joined as a defendant in this action.

## II. FACTUAL AND PROCEDURAL HISTORY

Plaintiff-Intervenors Maria Cruz Contreras and Sofia Vera Rodriguez were both employed as housekeepers at the Hawthorne Suites by Wyndham hotel in Kent, Washington. Dkt. 14 ¶¶ 5.1-.2. Their paychecks were issued by Hawthorne Suites. During their employment, both Plaintiff-Intervenors were sexually harassed by a manager who also worked at the hotel. *Id.* ¶ 5.3. Ms. Rodriguez feared for her safety after being physically groped and propositioned and was constructively discharged after working at the hotel for a brief period of a few months. *Id.* ¶ 5.4. Ms. Contreras reported the harassment to the General Manager of the hotel. *Id.* ¶ 5.5. The General Manager took her complaint and conducted a cursory investigation which ended when the alleged harasser denied Ms. Contreras' claims. *Id.* ¶ 5.6.

In December 2018, Ms. Contreras and Ms. Rodriguez filed discrimination charges with the Equal Employment Opportunity Commission ("EEOC") alleging they were sexually harassed at Hawthorn Suites. Declaration of Sean M. Phelan ("Phelan Decl."), Ex. A at GIPH 000119-122. Ms. Contreras also alleged that she suffered retaliation. *Id.* at GIPH 000119-20. After an investigation, the EEOC issued reasonable cause determinations and invited Hawthorn Suites to

MOTION FOR JOINDER BY COURT ORDER
TO JOIN JAFFER HOSPITALITY GROUP
AS PARTY - 2

FRANK FREED
SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798
(206) 682-6711

engage in conciliation. *Id*. at GIPH 000119-21.  After attempts at conciliation between the parties failed, the EEOC filed the initial complaint with this Court on September 17, 2020 against Defendant Hawthorn Suites, alleging unlawful employment practices in violation of § 703(a) of Title VII, 42 U.S.C. § 2000e.  Dkt. 1.

By and through their counsel, Sean M. Phelan, Ms. Contreras and Ms. Rodriguez moved this Court for leave to intervene and to file their Complaint in Intervention.  Dkt. 12.  This Court granted the motion.  Dkt. 13.  Plaintiff-Intervenors then filed a Complaint in Intervention, adding state law claims for discrimination under the Washington Law Against Discrimination (WLAD), RCW 46.90, which arise out of the same facts as the Federal claims and over which this Court now exercises supplemental jurisdiction.  Dkt. 13-14.

### III.   STATEMENT OF THE ISSUES

1. Whether the Court should join Jaffer Hospitality Group as a necessary party pursuant to Fed. R. Civ. P. 19(a)(1).

2. Whether, in the alternative, the Court should join Jaffer Hospitality Group as a permissive party pursuant to Fed. R. Civ. P. 20(a)(2).

### IV.   EVIDENCE RELIED UPON

This motion is based on the Declaration of Sean M. Phelan in Support of Motion for Joinder (with exhibits) and the record before this Court.

### V.   ARGUMENT

Plaintiff-Intervenors respectfully move the Court to join Jaffer Hospitality Group ("Jaffer") as a necessary party, or in the alternative, as a permissive party, because Jaffer employed Plaintiff-Intervenors, their harasser, and the General Manager who retaliated against Ms. Contreras after she reported the discriminatory conduct that she endured.

MOTION FOR JOINDER BY COURT ORDER
TO JOIN JAFFER HOSPITALITY GROUP
AS PARTY - 3

FRANK FREED
SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798
(206) 682-6711

A.      **Jaffer Hospitality Group is a Necessary Party because it was Plaintiff-Intervenors' employer under federal and state law.**

Plaintiff-Intervenors respectfully move the Court to join Jaffer as a necessary party pursuant to Fed. R. Civ. P. 19(a)(1), which provides in relevant part: "A person who is subject to service of process and whose joinder will not deprive the court of subject matter jurisdiction must be joined as a party if: in that person's absence, the court cannot accord complete relief among existing parties." Fed. R. Civ. P. 19(a)(1). In applying Rule 19(a), the court must first determine whether the party is "necessary," and second, whether joining the party is feasible. *Wilbur v. Locke*, 423 F.3d 1101, 1111-12 (9th Cir. 2005), *abrogated on other grounds, Levin v. Commerce Energy, Inc.*, 560 U.S. 413 (2010). As described in the Rule, a party is necessary if "complete relief" cannot be accorded in the party's absence. Fed. R. Civ. P. 19(a)(1)(A). Complete relief in this context is concerned with "consummate rather than partial or hollow relief as to those already parties, and with precluding multiple lawsuits on the same cause of action." *Alto v. Black*, 738 F.3d 1111, 1126 (9th Cir. 2013). A party is therefore necessary if its absence "would preclude the district court from fashioning meaningful relief as between the parties." *Disabled Rights Action Committee v. Las Vegas Events, Inc.*, 375 F.3d 861, 879 (9th Cir. 2004). Joinder is feasible if joining the party would not deprive the district court of subject matter jurisdiction. *See Yniques v. Cabral*, 985 F.32d 1031, 1034 (9th Cir. 1993).

Here, Jaffer is a necessary party because Jaffer employed Plaintiff-Intervenors as their indirect employer. This Court cannot fashion complete relief with respect to Plaintiffs' federal law claims without Jaffer's participation in the litigation. Similarly, because Jaffer was or acted as Plaintiff-Intervenors' employer as defined in the Washington Law Against Discrimination,

MOTION FOR JOINDER BY COURT ORDER
TO JOIN JAFFER HOSPITALITY GROUP
AS PARTY - 4

FRANK FREED
SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798
(206) 682-6711

this Court cannot accord complete relief as to Plaintiff-Intervenors' pendant state law claims in Jaffer's absence. Thus, Jaffer is a necessary party.

### 1. Jaffer Hospitality Group was Plaintiff-Intervenors' employer when the harassment and retaliation occurred.

Jaffer is liable to Plaintiff-Intervenors for violations of their rights under Title VII as an indirect employer. *See, e.g., Gomez v. Alexian Bros. Hosp.* 698 F.2d 1019, 1021 (9th Cir. 1983) (determining that an entity that was not plaintiff's direct employer could be held liable under Title VII for discriminatory treatment of plaintiff); *Ass'n of Mexican-American Educators v. State of California*, 231 F.3d 572, 581 (9th Cir. 2000) (same). Jaffer is also liable to Plaintiff-Intervenors for violations of their rights under the WLAD as their "employer," as the term is defined in the statute. *See* RCW 49.60.040(3).

    a. <u>Jaffer is liable under Title VII as Plaintiff-Intervenors' "indirect employer."</u>

An entity is an indirect employer for the purposes of Title VII liability if the entity exercises some "peculiar degree of control" over the employee's relationship with the direct employer and "interfere[s] with the employment decisions" of the direct employer. *Ass'n of Mexican-American Educators*, 231 F.3d at 581-82. An indirect employer is liable under Title VII if it participates in and influences the direct employer's employment policies, *id.* at 582, or "fail[s] to take corrective measures" when discriminatory conduct occurs, *Anderson v. Pacific Maritime Ass'n*, 336 F.3d 924, 932 (9th Cir. 2003). Here, Jaffer satisfies both elements of the "indirect employer" test. Jaffer exerts "peculiar control" over the relationship between Plaintiff-Intervenors and Hawthorn Suites because it identified itself as Plaintiff-Intervenors' employer,

this Court cannot accord complete relief as to Plaintiff-Intervenors' pendant state law claims in Jaffer's absence. Thus, Jaffer is a necessary party.

### 1. Jaffer Hospitality Group was Plaintiff-Intervenors' employer when the harassment and retaliation occurred.

Jaffer is liable to Plaintiff-Intervenors for violations of their rights under Title VII as an indirect employer. *See, e.g., Gomez v. Alexian Bros. Hosp.* 698 F.2d 1019, 1021 (9th Cir. 1983) (determining that an entity that was not plaintiff's direct employer could be held liable under Title VII for discriminatory treatment of plaintiff); *Ass'n of Mexican-American Educators v. State of California*, 231 F.3d 572, 581 (9th Cir. 2000) (same). Jaffer is also liable to Plaintiff-Intervenors for violations of their rights under the WLAD as their "employer," as the term is defined in the statute. *See* RCW 49.60.040(3).

    a. <u>Jaffer is liable under Title VII as Plaintiff-Intervenors' "indirect employer."</u>

An entity is an indirect employer for the purposes of Title VII liability if the entity exercises some "peculiar degree of control" over the employee's relationship with the direct employer and "interfere[s] with the employment decisions" of the direct employer. *Ass'n of Mexican-American Educators*, 231 F.3d at 581-82. An indirect employer is liable under Title VII if it participates in and influences the direct employer's employment policies, *id.* at 582, or "fail[s] to take corrective measures" when discriminatory conduct occurs, *Anderson v. Pacific Maritime Ass'n*, 336 F.3d 924, 932 (9th Cir. 2003). Here, Jaffer satisfies both elements of the "indirect employer" test. Jaffer exerts "peculiar control" over the relationship between Plaintiff-Intervenors and Hawthorn Suites because it identified itself as Plaintiff-Intervenors' employer,

MOTION FOR JOINDER BY COURT ORDER
TO JOIN JAFFER HOSPITALITY GROUP
AS PARTY - 5

FRANK FREED
SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798
(206) 682-6711

and because it created and issued personnel policies, practices, trainings, and complaint procedures to employees of Hawthorn Suites, and it failed to stop the harassment and retaliation.[1]

Jaffer explicitly identified itself as Plaintiff-Intervenor Maria Contreras's employer in a January 2018 letter alerting employees of Hawthorn Suites that GIPHX10, LLC had acquired the hotel. Phelan Decl., Ex. B. The letter concluded, "We are excited about working with you and we hope you are mutually excited about your new employment with Jaffer Group." *Id*. (emphasis added).

Jaffer and Hawthorn Suites issued to Plaintiff-Intervenors "Jaffer's Employee Handbook," documenting personnel policies with which employees of Hawthorn Suites must comply. Phelan Decl., Ex. C. For instance, the Handbook describes Jaffer's commitment to providing a work environment "free of discrimination and unlawful harassment," and provides that, "Complaints involving alleged discriminatory practices shall be processed in accordance with Jaffer Hospitality's [sic] Group's Harassment and Complaint Procedure Policy." *Id*. at GIPH 000074-76. That procedure requires an employee to first raise concerns with her General Manager, and if that report fails to correct the situation, the employee must escalate the matter to the Regional Director. Jaffer's policy further provides: "After receiving a written grievance, Jaffer Hospitality Group may hold a meeting" with relevant personnel. *Id*. at GIPH 000076. Thus, Jaffer and its employees exert significant control over the creation and enforcement of personnel policies related to equal employment opportunity at the hotel where both Plaintiff-Intervenors worked. *See Ass'n of Mexican-American Educators*, 231 F.3d at 581-82.

---

[1] All of these policies were provided in English only.

MOTION FOR JOINDER BY COURT ORDER
TO JOIN JAFFER HOSPITALITY GROUP
AS PARTY - 6

FRANK FREED
SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798
(206) 682-6711

Further, Jaffer declared its authority to hire and fire employees of Hawthorn Suites in the Employee Handbook, for no reason at all pursuant to the at-will doctrine, or for violating company policies, including the company's anti-retaliation policy. Phelan Decl., Ex. C at GIPH 000072, GIPH 000076. The Handbook further describes Jaffer's supervision and control over conditions of employment at Hawthorn Suites, setting forth policies regarding meal and rest breaks, uniforms, paid time off, attendance, pay methods, and telephone usage, among many others. *See generally* Phelan Decl., Ex. C. Jaffer also requires that hotel employees alert Jaffer—not Hawthorn Suites—regarding changes to personal information such as legal name, mailing address, and eligibility for tax exemptions, as set forth in the Handbook. *Id*. at GIPH 000081.

Jaffer also responded to the EEOC charges in this action on behalf of GIPHX10, LLC/ Hawthorn Suites, which was the sole party named in the charges. Phelan Decl., Ex. D; Ex. E; Ex. G. In its response to EEOC charges for Ms. Rodriguez, Defendant explained, "For purposes of this Employer Statement, Hawthorn Suites and Jaffer will be referred to joint/collectively," and "Hawthorn and Jaffer are also referred to herein as 'the employer.'" Ex. E at EEOC_0001058. Defendant's responses to both charges on behalf of Plaintiff-Intervenors each contained sections titled "Employment with Hawthorn Suites/Jaffer." *Id*.; Ex. D. at EEOC_00001043. By identifying itself repeatedly as Plaintiff-Intervenors' employer and taking full responsibility for creating and implementing the personnel policies necessary to uphold Hawthorn Suites' employees' rights to a workplace free from discrimination, Jaffer exerts "a peculiar degree of control" over Plaintiff-Intervenors' relationship with Hawthorn Suites. *See Ass'n of Mexican-American Educators*, 231 F.3d at 581.

Jaffer "failed to take corrective measures" when it did not stop the harassment against Plaintiff-Intervenors and failed to prevent retaliation against Ms. Contreras after her report of

MOTION FOR JOINDER BY COURT ORDER
TO JOIN JAFFER HOSPITALITY GROUP
AS PARTY - 7

FRANK FREED
SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798
(206) 682-6711

harassment as their policy provides. *See Anderson*, 336 F.3d at 932. For instance, Plaintiff-Intervenor Maria Contreras reported the harassment to her immediate supervisor and then to the General Manager, as Jaffer's Employee Handbook requires. Dkt. 1 at ¶ 11. After conducting a cursory investigation, the General Manager, who was retained by Jaffer Group, did not intervene to protect Ms. Contreras from the ongoing harassment or discipline her harasser. *Id*. ¶¶ 12, 14. Instead, the General Manager retaliated against Ms. Contreras by depriving her of a translator, effectively shutting down Ms. Contreras' ability to convey her complaints or concerns to the General Manager or the Regional Director. *Id*. ¶ 13. Further, Jaffer's Employee Handbook was issued to employees in English only, which Ms. Contreras does not speak or read. *See* Phelan Decl. Ex. C. After Ms. Contreras reported the harassment to the General Manager on site at Hawthorn Suites, her hours were reduced and she was denied a raise that other housekeepers received. *Id*. ¶ 13. The lack of meaningful notice of harassment policies and procedures to non-English-speaking employees, Jaffer's failure to stop the discriminatory conduct suffered by Plaintiff-Intervenors, and the retaliation inflicted by Jaffer's General Manager after Ms. Contreras's report all constitute discriminatory interference by Jaffer that renders it liable as an indirect employer under Title VII. *See Ass'n of Mexican-American Educators*, 231 F.3d at 581.

      b. <u>Jaffer was Plaintiff-Intervenors' employer under the broad meaning of that term under the Washington Law Against Discrimination.</u>

Like Title VII, the WLAD also allows employees to recover against their employers for workplace discrimination and broadly defines "employer" to "include[] any person acting in the interest of an employer, <u>directly or indirectly</u>, employs eight or more persons . . . ." RCW 49.60.040(3) (emphasis added). The Washington Supreme Court construes this definition broadly to effectuate the "overarching purpose of the law [which] is 'to deter and to eradicate

MOTION FOR JOINDER BY COURT ORDER
TO JOIN JAFFER HOSPITALITY GROUP
AS PARTY - 8

FRANK FREED
SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798
(206) 682-6711

discrimination in Washington.'" *Brown v. Scott Paper Worldwide Co.*, 143 Wn.2d 349, 359-60 (2001) (quoting *Marquis v. City of Spokane*, 130 Wn.2d 97, 109, 922 P.3d 43 (1996)) (finding individual supervisor personally liable for discrimination under the WLAD, although supervisor was not explicitly listed in statute).  Here, Jaffer clearly fits within the broad definition of Plaintiff-Intervenors' employer under the WLAD because it identified itself as such in materials Hawthorn Suites provided to Plaintiffs.  *See* Phelan Decl. Exs. B-G.  Identifying Jaffer, the entity that creates and enforces anti-discrimination policies at Hawthorn Suites, as the employer would also effectuate the "overarching purpose" of the WLAD "to deter and to eradicate discrimination." *Brown*, 143 Wn.2d at 359-60.  In the alternative, Jaffer "act[ed] in the interest of" Plaintiff-Intervenors' employer by writing and enforcing its personnel policies and responding to the EEOC charges.  Phelan Decl. Ex. C; Ex. D; Ex. E; Ex. G.

**2. In Jaffer Hospitality Group's absence, this Court cannot accord complete relief.**

Jaffer is a necessary party to this action because Plaintiffs seek relief that requires action from Jaffer.  Plaintiffs seek injunctive relief ordering Defendant Hawthorn Suites to improve its employment policies, practices, and programs to guarantee Defendant's employees' rights to be free from workplace discrimination. Dkt. 1 ¶¶ A, B; Dkt. 14 ¶ B.  As discussed above, Jaffer writes, implements, and administers the personnel policies that Defendant Hawthorn Suites uses and that its employees must follow.  *See generally* Phelan Decl. Ex. C.  Without Jaffer's participation in the instant litigation, the personnel policies to which Hawthorn Suites' employees are subject are unlikely to change, thereby depriving Plaintiffs of "consummate rather than partial or hollow relief." *See Alto*, 738 F.3d at 1126.

MOTION FOR JOINDER BY COURT ORDER
TO JOIN JAFFER HOSPITALITY GROUP
AS PARTY - 9

FRANK FREED
SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798
(206) 682-6711

### 3. Joining Jaffer Hospitality Group to this action is feasible.

This Court enjoys specific jurisdiction over Jaffer because of Jaffer's contacts in the forum state, and joinder of Jaffer would not deprive the Court of federal subject matter jurisdiction. A court has specific jurisdiction over a foreign company if the litigation arises out of that company's contacts with the forum state. *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cnty.*, 137 S.Ct. 1773, 1780 (2017). Jaffer is subject to specific jurisdiction in the Western District of Washington because it has contacts in Kent, Washington through its ownership of Defendant Hawthorn Suites. Dkt. 7. The discriminatory conduct at issue here arose from Jaffer's ownership of Hawthorn Suites, and its failure to protect its employees in Kent from unlawful discrimination and retaliation. *See* Dkt. 1, Dkt. 14.

This Court exercises federal subject matter jurisdiction over Plaintiffs' claims under Title VII, which supply federal question jurisdiction. 28 U.S.C. § 1331. This Court exercises supplemental jurisdiction over Plaintiff-Intervenors' pendant state law claims because the body of evidence necessary to resolve the state law claims substantially overlaps with evidence relevant to their federal claims. 28 U.S.C. § 1367; *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966). Joining Jaffer as a necessary party will not disrupt Court's subject matter jurisdiction; joinder is therefore feasible. *See* Fed. R. Civ. P. 19(a)(1).

**B.  In the alternative, the Court should allow the permissive joinder of Jaffer Hospitality Group.**

If the Court determines that Jaffer is not a necessary party, Plaintiff-Intervenors respectfully move the Court to join Jaffer as a permissive defendant pursuant to Fed. R. Civ. P. 20(a)(2). Rule 20(a)(2) provides, in relevant part, that a person may be joined as a defendant if a plaintiff can demonstrate: (1) that she has a right to relief based on the same series of

MOTION FOR JOINDER BY COURT ORDER
TO JOIN JAFFER HOSPITALITY GROUP
AS PARTY - 10

FRANK FREED
SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798
(206) 682-6711

transactions or occurrences as those at issue in the litigation, and (2) a common question of law or fact with respect to all parties. *Id.*; *Desert Empire Bank v. Insurance Co. of North America*, 623 F.2d 1371, 1375 (9th Cir. 1980). The decision regarding whether to join a permissive party is vested in the sound discretion of the district court, but "the rule regarding permissive joinder is to be construed liberally in order to promote trial convenience and to expedite the final determination of disputes, thereby preventing multiple lawsuits." *League to Save Lake Tahoe v. Tahoe Regional Planning Agency*, 558 F.2d 914, 917 (9th Cir. 1977). Jaffer should be joined as a defendant because it employed Plaintiff-Intervenors when the unlawful discrimination occurred; Jaffer is therefore liable to Plaintiffs based on the same series of occurrences as is Hawthorn Suites. *See id.* All questions of law and fact are common to all parties. *See id.*

### 1. Jaffer's liability to Plaintiffs arise out of the same series of occurrences as those giving rise to Hawthorn Suites' liability.

As discussed in depth above, Jaffer was Plaintiff-Intervenors' indirect employer for the purposes of liability under Title VII. Title VII affords employees the right to recover from their employer for discrimination in the terms and conditions of employment. 42 USC § 2000e-5(b). Title VII plaintiffs may also recover against indirect employers under the present circumstances, as described above. *See Gomez*, 698 F.2d at 1021-22; *Anderson*, 336 F.3d at 930. Similarly, because Jaffer fits the broad definition of "employer" under the WLAD, Jaffer is also liable to Plaintiff-Intervenors under their state law claims. *See* RCW 49.60.040(3). Therefore, Plaintiffs' rights to relief against Jaffer arise out of the same series of occurrences as their rights to relief against Defendant Hawthorn Suites because both entities employed them. *See Desert Empire*, 623 F.2d at 1375.

MOTION FOR JOINDER BY COURT ORDER
TO JOIN JAFFER HOSPITALITY GROUP
AS PARTY - 11

FRANK FREED
SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798
(206) 682-6711

### 2. Jaffer's and Hawthorn Suites' liability arise from common questions of law and fact.

As discussed in depth above, all questions of law and fact in this action are common to all parties, including Jaffer. As Plaintiff-Intervenors' direct or indirect employer, the questions of law regarding employer liability under the WLAD and Title VII are common to all parties; any finding of Hawthorn Suites' liability to Plaintiffs under state or federal law would necessarily implicate Jaffer. *See Anderson*, 336 F.3d at 932; *Ass'n of Mexican-American Educators*, 231 F.3d at 581. All of Plaintiffs' claims against Hawthorn Suites and Jaffer arise out of the same set of facts; to the extent that any questions of fact remain in dispute, they are common to all parties. *See Desert Empire*, 623 F.2d at 1375.

### VI.  CONCLUSION

For the reasons set forth above, the Plaintiff-Intervenors respectfully request that the Court join Jaffer Hospitality Group as a necessary party to this action, or in the alternative, as a permissive defendant to this action.

DATED this 29th day of April, 2021.

FRANK FREED SUBIT & THOMAS LLP

By: /s/ Sean M. Phelan
Sean M. Phelan, WSBA #27866
Email: sphelan@frankfreed.com
Ellicott Dandy, WSBA # 57279
Email: edandy@frankfreed.com
705 Second Avenue Suite 1200
Seattle, WA 98104
Tel: (206) 682-6711 / Fax: (206) 682-0401

*Attorneys for Plaintiff-Intervenors*

MOTION FOR JOINDER BY COURT ORDER
TO JOIN JAFFER HOSPITALITY GROUP
AS PARTY - 12

FRANK FREED
SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798
(206) 682-6711

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of April, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Roberta L. Steele        Roberta.steele@eeoc.gov

Carmen Flores            Carmen.flores@eeoc.gov

Aaron Rocke              Aaron@rockelaw.com

I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants: NONE

*Megan Grosse*
Megan Grosse, Legal Assistant

MOTION FOR JOINDER BY COURT ORDER
TO JOIN JAFFER HOSPITALITY GROUP
AS PARTY - 13

FRANK FREED
SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798
(206) 682-6711