Hon. Brian A. Tsuchida

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>　　　　Plaintiff,<br><br>　　and,<br><br>MARIA CRUZ CONTRERAS and SOFIA VERA RODRIGUEZ,<br><br>　　　　Plaintiff-Intervenors,<br><br>　　vs.<br><br>GIPHX10, LLC d/b/a "HAWTHORN SUITES BY WYNDHAM,"<br><br>　　　　Defendant. | No.: 2:20-cv-01369-RAJ-BAT<br><br>**DEFENDANT'S OPPOSITION TO MOTION TO JOIN JAFFER HOSPITALITY GROUP**<br><br>NOTE ON MOTION CALENDAR:<br>May 14, 2021 |

## I.   INTRODUCTION

Defendant GIPHX10, LLC respectfully requests this Court to deny Plaintiff-Intervenors' motion to join Jaffer Hospitality Group as a party. The request is untimely, insufficient procedurally, and unsupported legally and factually. While there is mention of the phrase, "Jaffer Hospitality Group" it is not a legal entity, not the employer, not subject to personal jurisdiction, adding it will take the case off track with discovery and motions practice for no benefit, prove no allegation in any pleading, and afford no new relief. This motion was to provide a comfort through an order denying permission to add another party, and the court should provide that comfort by denying the motion.

DEFENDANT'S OPPOSITION TO JOINDER

20:2-cv-01369-RAJ-BAT – Page 1

ROCKE | LAW Group, PLLC
101 Yesler Way, Suite 603
Seattle, WA 98104
(206) 652-8670

## II. STATEMENT OF FACTS

### A. No Harassment Happened

Plaintiff-Intervenors Maria Cruz Contreras and Sofia Vera Rodriguez were both employed as housekeepers by GIPHX10, LLC at its property, Hawthorn Suites by Wyndham in Kent, Washington ("the hotel"). Dkt. #14 at pg. 4. They were paid by GIPHX10, LLC. Paragraph 2 to Declaration of Salima Mawani ("Mawani Decl."). Plaintiff-Intervenors allege they were sexually harassed by a "manager," who was a maintenance worker at the hotel. Dkt. #14 at pg. 4. Ms. Rodriguez left the hotel when she and her partner moved a considerable distance away from Kent and was therefore unable to continue to commute to work. Exhibit 1 to Declaration of Aaron Rocke ("Rocke Decl."). Ms. Rodriguez was then provided with an offer to return to work at the hotel, but she declined because it was too far. *Id.* As for Ms. Contreras' complaint to the hotel manager, it was investigated and the manager had to rely on the word of the maintenance employee versus the housekeeper, as none of the alleged harassment was witnessed by **any other** employee at the hotel. *See* Phelan Decl., Exhibit D. Lacking sufficient evidence, the manager separated the two individuals and checked in on Ms. Contreras to ensure no issues arose. *Id.* Ms. Contreras is still employed at the hotel. *Id.*

### B. The EEOC charged and sued the employer, GIPHX10, LLC.

Confusion regarding Jaffer Hospitality Group, or "Jaffer," stems from a term which GIPHX10's shareholders use in a few contexts. There are several entities using the word "Jaffer," and it could also be seen as a d/b/a, yet Jaffer Hospitality Group is not an entity that can sue or be sued. Mawani Decl., ¶ 3.

GIPHX10 is the employer. In the building, there is a plaque that broadcasts to employees and the public that the hotel is owned and operated by GIPHX10, LLC. Mawani Decl., Ex. 1. The Plaintiff-Intervenors were paid by GIPHX10, LLC. Mawani Decl., ¶ 2. The maintenance person alleged to have harassed them was employed and paid by GIPHX10, LLC.

DEFENDANT'S OPPOSITION TO JOINDER

20:2-cv-01369-RAJ-BAT – Page 2

ROCKE | LAW Group, PLLC
101 Yesler Way, Suite 603
Seattle, WA 98104
(206) 652-8670

1  *Id*. And the general manager alleged to have taken the complaint and directed the retaliation was
2  employed by GIPHX10, LLC. *Id*.

3   The moving party inaccurately cites papers implying Jaffer is the employer. *See*
4  *generally* Dkt. #19. In a letter to employees, it was explained that "GIPHX10, LLC is taking
5  over the ownership of Hawthorn Suites," when it bought the hotel. Ex. B to Phelan Decl. at
6  pg. 18. GIPHX10 bought it and told employees, "Your current employment with Lala Salama
7  Hospitality Inc. will end … and your official employment with GIPHX10, LLC will start from
8  that point onwards." *Id*. The letter goes on, "GIPHX10, LLC is a hospitality company under the
9  Jaffer umbrella," and that "Jaffer Group of Companies," headquartered in Canada, has "a wide
10 array of businesses…." *Id*. That letter was signed "Jaffer Team," yet there is no legal entity
11 named "Jaffer Group of Companies" or "Jaffer Team." Mawani Decl., ¶ 3.

12  This letter is consistent with the employee handbook explaining "The Jaffer Group of
13 Companies consists of businesses" in several industries. Ex. D to Phelan Decl. at pg. 23. The
14 handbook states, "Jaffer Hospitality Group is the collective **name** for the hotels owned and
15 managed by," and incompletely refers to specific companies managing specific hotels.[1] *Id*
16 (emphasis added). This collective "name" is merely that: a name to refer to the hotels owned by
17 various LLCs. Mawani Decl., ¶ 3. As evidenced by the quote, referring to each of these
18 uniquely named LLCs by their legal name would cause confusion. *Id.* Instead, the owners of
19 GIPHX10, LLC preferred to use "Jaffer Hospitality Group" as it provided clarity to both those
20 owners and to the employees of the hotel. *Id.*

21  The moving party also argued that Jaffer reserved the right to fire employees. Dkt. 19,
22 Motion at 7:1-4 (arguing "Jaffer declared its authority to hire and fire employee"). This is not
23 accurate. The citation reads, "Employment at Jaffer Hospitality Group is on an at-will basis.
24 This means that either the employee or the company may terminate the employment
25 relationship…" Ex. C to Phelan Decl. at pg. 27. Here, the "company" and Jaffer Hospitality

26 

---

[1] The handbook was reused for the Kent hotel and an oversight was made in revising the handbook, as it omits GIPHX10, LLC.

DEFENDANT'S OPPOSITION TO
JOINDER

20:2-cv-01369-RAJ-BAT – Page 3

ROCKE | LAW Group, PLLC
101 Yesler Way, Suite 603
Seattle, WA 98104
(206) 652-8670

1. Group should be understood in context with the previous paragraph's citation to refer to the hotels owned and managed by the actual legal entity. In this case, the company is GIPHX10, LLC, and no other company has any right to fire an employee of GIPHX10 other than GIPHX10 itself. Mawani Decl., ¶ 2. The second citation is also not compelling as the managing company, not Jaffer, has the right to fire. Ex. C to Phelan Decl. at pg. 31 (using passive voice "may be disciplined or terminated" for retaliating).

To set the record straight and as shown by its corporate disclosure statement, Defendant GIPHX10 is owned, in part, by Jaffer Holdings Nevada Inc LLC and Imarae Nevada Corporation LLC. Dkt. 8. Plaintiff EEOC, in its first interrogatories to Defendant, also asked for more information regarding the structure, and Defendant complied. Rocke Decl., Ex. 2.

GIPHX10, LLC is owned exclusively by four holding companies: Jaffer Holdings Nevada Inc LLC, Imarae Nevada Corporation LLC, Jubliee Holdings USA Inc LLC, and Mawani Enterprises USA Inc LLC. Mawani Decl., ¶ 4. Each holding company is then fully owned by one of the four of GIPX10, LLC's shareholders, who are natural persons. *Id.* These four shareholders are based in Canada, and they own other corporations that operate and are based in Canada, but which have no connection, besides the individual owners, to GIPHX10. *Id.* Since these individuals work together, they use "Jaffer" as a reference, such as to Jaffer Holdings Nevada Inc LLC, as it is the largest shareholder of GIPHX10. Mawani Decl., ¶ 5.

To reiterate, the term "Jaffer Hospitality Group" is not a legal entity but rather is a term the shareholders use to refer to their U.S.-based, distinct, and independently operated hotels: one in Kent and one in Phoenix, Arizona. Mawani Decl., ¶ 3. Defendant GIPHX10, LLC owns, operates, exercises exclusive control, and makes all employment decisions for the hotel. Mawani Decl., ¶ 2. "Jaffer" in this instance is only Jaffer Holdings Nevada Inc LLC, the holding company of GIPHX10. Mawani Decl., ¶ 5..

Thus, the confusion may have arisen from the individual shareholders' continued use of the term "Jaffer Hospitality" or "Jaffer" to refer to the majority owner of GIPHX10. *Id.* In a

DEFENDANT'S OPPOSITION TO JOINDER

20:2-cv-01369-RAJ-BAT – Page 4

ROCKE | LAW Group, PLLC
101 Yesler Way, Suite 603
Seattle, WA 98104
(206) 652-8670

May 22, 2020 letter to the EEOC, the author at the time used "Jaffer" to refer to GIPHX10, LLC. *See* Phelan Decl., Exs. D, E. However, this verbiage, as clarified above, only refers to Jaffer Holdings Nevada. *Id.* It is because some of the individuals who operate GIPHX10 also operate other Canadian entities, which have no influence on or control over GIPHX10, that this confusion seems to persist.

In short, Jaffer Hospitality Group is not an entity that can sue or be sued. Mawani Decl., ¶ 3. Jaffer at times refers to Jaffer Holdings Nevada Inc LLC, a holding company and majority owner of Defendant GIPHX10, LLC. Mawani Decl., ¶ 5. However, the hotel is owned, operated, and controlled by Defendant GIPHX10, which is the correct party to defend against the allegations brought by the EEOC and Plaintiff-Intervenors in this matter. Mawani Decl., ¶ 2. Adding "Jaffer Hospitality Group" would leave cause more problems than it solves as it does not exist.

Intervening plaintiffs allege in 5.3-5.7 the acts they believe were harassing and retaliating, and none of them were committed by Jaffer. Dkt. #14 at pg. 4, 5. Moreover, plaintiffs make no effort to allege facts specific to demonstrate that Jaffer has 8 or more employees or has interfered with employment at GIPHX10, LLC through specific control.

**C. The motion is untimely.**

Charges of discrimination were filed with the EEOC in December 2018. Neither are against Jaffer. *See* Phelan Decl., Ex. A. The civil action was filed against GIPHX10, LLC on September 17, 2020. Dkt. #1. GIPHX10, LLC made its corporate disclosure October 21, 2020. Dkt. 8. GIPHX10, LLC answered interrogatory No. 9 regarding the ownership and management by GIPHX10, LLC and Jaffer. Rocke Decl., Ex. 2. No facts support joining Jaffer. The original pretrial schedule set March 15, 2021 as the deadline for joining additional parties. Dkt. # 11 at p. 1. Discovery responses were voluntarily provided. Rocke Decl., Ex. 3. After Plaintiff-Intervenors joined this lawsuit, the Court moved the deadline to join additional parties to April 29, 2021. Dkt. # 18 at p. 1. This motion was noted for May 14, 2021.

DEFENDANT'S OPPOSITION TO JOINDER

20:2-cv-01369-RAJ-BAT – Page 5

ROCKE | LAW Group, PLLC
101 Yesler Way, Suite 603
Seattle, WA 98104
(206) 652-8670

### III. STATEMENT OF ISSUES

1. Whether the Court should deny Plaintiff-Intervenors' motion to join Jaffer Hospitality Group as a necessary party.

### IV. EVIDENCE RELIED UPON

1. The Declaration of Aaron V. Rocke, with exhibits; and,
2. The files and pleadings herein.

### V. LEGAL ARGUMENT

Defendant respectfully requests the Court to deny Plaintiff-Intervenors' motion to join Jaffer Hospitality Group as a necessary or permissive party, because Jaffer Hospitality Group is not an entity and the Jaffer holding company is a shareholder. Moreover, Plaintiff-Intervenors, their alleged harasser, and the General Manager were employed only by GIPHX10, LLC, and complete relief can be granted by the existing parties to the suit.

When analyzing joinder, the court looks to whether complete relief may be accomplished without joining an additional party and whether the party may feasibly be joined. In the complaint filed by the moving party, there are no allegations that Jaffer violated law and no remedy sought from Jaffer. Joining Jaffer is not required because the natural persons alleged to have harassed or retaliated against the plaintiffs are employees of GIPHX10, LLC, not Jaffer.

**A. Jaffer is not liable for the acts of the GIPHX10, LLC.**

Shareholders of the employer are not liable for the employer's actions. In an analogous case, an employee sued the franchisor alleging employment, as here, sex discrimination, harassment, and retaliation. *Courtland v. GCEP-Surprise, LLC*, 2013 U.S. Dist. LEXIS 105780 (Ariz. D.C. 2013). The employee alleged she was given an employee handbook with the franchisor's logo for Buffalo Wild Wings on it and told she was a Buffalo Wild Wings employee. Moreover, she was trained by someone from the corporate office and wore the franchisor's logo on her uniform. The district court granted the franchisor's motion to dismiss—

DEFENDANT'S OPPOSITION TO JOINDER

20:2-cv-01369-RAJ-BAT – Page 6

ROCKE | LAW Group, PLLC
101 Yesler Way, Suite 603
Seattle, WA 98104
(206) 652-8670

despite the allegation that Buffalo Wild Wings was in the employee handbook. In our case, having the Jaffer logo and mention of Jaffer in the handbook does not make Jaffer the employer.

A jointly and severally liable tortfeasor is not necessary under Rule 19 to join. *See, e.g., Weaver v. Marcus*, 165 F.2d 862 (4th Cir. 1948). Although this was not alleged and inconsistent with the intervening complaint, it would be insufficient under the rule.

**B. Jaffer Hospitality Group, even if it were an actual entity, is not a necessary party to this lawsuit.**

A motion for joinder of a necessary party is appropriate when, "in that person's absence, the court cannot accord complete relief among existing parties." Fed. R. Civ. P. 19(a)(1)(A); s*ee, e.g., EEOC v. Peabody Western Coal Co.*, 610 F.3d 1070 (9th Cir. 2010); *Northern Arapaho Tribe v. Harnsberger*, 697 F.3d 1272, 1278-79 (10th Cir. 2012) (explaining three-part analysis).[2]

Jaffer Hospitality Group was not and is not an "employer." The term "employer" does not extend to Jaffer Hospitality Group, as a "person" in that definition does not include a nonexistent entity. RCW 49.60.040(11), (19). No legal claim can be brought against a nonexistent entity.

Plaintiff-Intervenors did not request any relief that Jaffer would provide. However, if the Court were to order GIPHX10, LLC to revise its handbook or procedures, there is nothing to suggest Jaffer is a required party to effectuate that order. Jaffer is not a necessary party to this lawsuit.

**C. Timeliness Weighs Against Joining**

There is no good cause to extend the deadline, and the timeliness weighs against joining an additional party.

---

[2] Next steps in the analysis including finding "Jaffer" was an employer under both statutes, satisfied the administrative prerequisite to filing Title VII, and subject to personal jurisdiction. If the entity is a holding company out of Washington State, minimum contacts must be met, and venue is appropriate. The moving party makes no effort to satisfy any of these concerns.

DEFENDANT'S OPPOSITION TO JOINDER

20:2-cv-01369-RAJ-BAT – Page 7

ROCKE | LAW Group, PLLC
101 Yesler Way, Suite 603
Seattle, WA 98104
(206) 652-8670

**VI.     CONCLUSION**

Jaffer should not be joined.

DATED this 10th day of May, 2021

ROCKE │ LAW Group, PLLC

_____
Aaron V. Rocke, WSBA No. 31525
Rocke Law Group, PLLC
101 Yesler Way, Suite 603
Seattle, WA 98104
Telephone: (206) 652-8670
Fax: (206) 452-5895
Email: aaron@rockelaw.com
Attorney for Defendant

DEFENDANT'S OPPOSITION TO JOINDER

20:2-cv-01369-RAJ-BAT – Page 8

ROCKE | LAW Group, PLLC
101 Yesler Way, Suite 603
Seattle, WA 98104
(206) 652-8670

**DECLARATION OF SERVICE**

I caused a copy of the foregoing Defendant's Opposition to Plaintiff Intervenors' Motion for Joinder by Court Order to Join Jaffer Hospitality Group as Party to be served to the following in the manner indicated:

**Via E-mail and E-Service to:**

Carmen Flores, WSBA No.
Attorney for Plaintiff EEOC
909 1st Avenue, Suite 400
Seattle, WA 98104
(206) 576-3035
Carmen.flores@eeoc.gov

Sean M. Phelan, WSBA No. 27866
Attorney for Plaintiff-Intervenors
Frank Freed Subit & Thomas, LLP
705 Second Avenue, Suite 1200
Seattle, WA 98104
(206) 682-6711
sphelan@frankfreed.com

On today's date.

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct to the best of my belief.

Signed and DATED this 10th day of May 2021 in Tacoma, Washington.

_____
Olivia Zimmerman, Legal Assistant

DEFENDANT'S OPPOSITION TO JOINDER

20:2-cv-01369-RAJ-BAT – Page 9

ROCKE | LAW Group, PLLC
101 Yesler Way, Suite 603
Seattle, WA 98104
(206) 652-8670