Sean M. Phelan, WSBA #27866
FRANK FREED SUBIT & THOMAS, LLP
705 Second Avenue, Suite 1200
Seattle, WA 98104
Tel: (206) 682-6711
Fax: (206) 682-0401

Attorney for Plaintiff-Intervenors

The Honorable Brian A Tsuchida

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>and,<br><br>MARIA CRUZ CONTRERAS and SOFIA VERA RODRIGUEZ,<br><br>Plaintiff-Intervenors,<br><br>vs.<br><br>GIPHX10, LLC d/b/a "HAWTHORN SUITES BY WYNDHAM,"<br><br>Defendant,<br><br>and,<br><br>JAFFER, INC., a Canadian corporation,<br><br>Defendant. | No. 2:20-cv-01369-RAJ-BAT<br><br>**FIRST AMENDED COMPLAINT** |

FIRST AMENDED COMPLAINT - 1

## I. NATURE OF ACTION

1.1 This is an action originally brought against Defendant GIPHX10, LLC d/b/a "Hawthorn Suites by Wyndham," ("Hawthorn Suites") by the Equal Employment Opportunity Commission (the "EEOC") under Title VII of the Civil Rights Act of 1964 and Title 1 of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and to provide appropriate relief to Maria Cruz Contreras and Sofia Vera Rodriguez, who were adversely affected by such practices. Plaintiff-Intervenors Maria Cruz Contreras and Sofia Vera Rodriguez ("Ms. Contreras" and "Ms. Rodriguez"), the aggrieved parties, intervened in this action in order to assert their claims under the Washington Law Against Discrimination in addition to their federal claims. Pursuant to the Court's Order Granting Plaintiff-Intervenors' Motion for Joinder (Dkt. 31), Plaintiff-Intervenors now join Jaffer Inc., a parent company of Defendant GIPHX10, and Plaintiff-Intervenors indirect employer, in this action.

Plaintiff-Intervenors allege that Defendant, GIPHX10, LLC d/b/a "Hawthorn Suites by Wyndham," ("Hawthorn Suites"), and Jaffer, Inc. subjected them to discrimination, including a hostile work environment, because of sex. Plaintiff-Intervenor Contreras further alleges that Defendants retaliated against her by reducing her hours and denying a wage increase, because she opposed this discrimination by reporting it to management. Plaintiff-Intervenor Rodriguez alleges that she was constructively discharged due to the discrimination she experienced. Both Plaintiff-Intervenors seek monetary and injunctive relief, including pecuniary and non-pecuniary compensatory damages, and punitive damages, back pay, prejudgment interest and attorney's fees and costs.

## II. JURISDICTION AND VENUE

2.1 This action arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C.§ 2000e et seq., and the Washington Law Against Discrimination, R.C.W. §49.60 et seq.

2.2 This Court has jurisdiction over Plaintiff-Intervenors' claims pursuant to 42 U.S.C. §2000e-5(f), 28 U.S.C. §§1331 and 1343(a) and pursuant to its supplemental jurisdiction over state statutory claims, 28 U.S.C. §1367(a).

2.3. This action properly lies in the Western District of Washington pursuant to 28 U.S.C. §1391(b), because the claim arose in this judicial district, and pursuant to 42 U.S.C.

§2000e-5(f)(3), because the unlawful employment practice was committed in this judicial district.

2.4. Defendant Jaffer, Inc. is a foreign corporation headquartered in Canada. This Court has specific jurisdiction over Jaffer, Inc., because its liability arises from its contacts with the forum state; including but not limited to its partial ownership of Hawthorn Suites in Kent, Washington.

## III. PARTIES

3.1 Plaintiff-Intervenors Maria Cruz Contreras and Sofia Vera Rodriguez are both residents of King County, Washington.

3.2 Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of the Title VII. The EEOC originally brought this action as authorized by §706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3) and Section 102 of the Civil Rights Act of 1992, 42 U.S.C. § 1981a.

3.3. Defendant GIPHYX10, LLC d/b/a "Hawthorne Suites By Wyndham" is a corporation that has at all time pertinent to this complaint continuously done business in the State of Washington.

3.4 Defendant Hawthorne Suites is an employer employing 15 or more employees as defined at 42 U.S.C. § 2000e(b).

3.5 Defendant Hawthorne Suites is engaged in an industry affecting commerce within the meaning of 42 U.S.C. § 2000e(g) & (h).

3.6 Defendant Hawthorne Suites is an employer as that term is defined in R.C.W. §49.60.040(3).

3.7 Defendant Jaffer, Inc. is a parent company of Hawthorne Suites. Jaffer, Inc. is also an indirect employer of Plaintiff-Intervenors within the meaning of Title VII because it exercises a "peculiar degree of control" over Hawthorne Suites' employment relationship with them and interferes with Hawthorne Suite's employment decisions related to its employees.

FRANK FREED
SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798
(206) 682-6711

3.9  Defendant Jaffer, Inc. is an employer as that term is defined in RCW 49.60.040(3).

## IV. ADMINISTRATIVE PROCEDURES

4.1  Plaintiff-Intervenor Contreras timely filed Charge No. 551-2019-00667 with the EEOC alleging violations of Title VII by Hawthorne Suites. Plaintiff-Intervenor Rodriguez timely filed Charge No. 551-2019-00680 alleging violations of Title VII. The EEOC investigated the charges filed by Contreras and Rodriguez. On March 30, 2020, the EEOC issued to Defendant Hawthorn Suites Letters of Determination finding reasonable cause to believe Title VII was violated with regard to both Contreras and Rodriguez. Salima Mawani, Vice President of Operations for Jaffer, Inc., responded to the charges. After conciliation efforts failed, on June 25, 2020, the EEOC issued Notices of Failure of Conciliation to Defendant Hawthorn Suites for both charges and initiated the action in which Plaintiff-Intervenors subsequently intervened. All administrative conditions precedent to the initiation of the original action have been met.

## V. FACTS

5.1  On January 31, 2018, Defendant Jaffer, Inc. sent a letter to employees of Defendant Hawthorn Suites, including Ms. Contreras, advising them that it had acquired the hotel. Employees of Hawthorn Suites were provided with Jaffer, Inc.'s Employee Handbook, describing, in relevant part, the equal employment opportunity policies by which employees of Hawthorn Suites must abide.

5.2  Salima Mawani, Vice President of Operations for Jaffer, Inc., had ultimate decision-making authority over the terms and conditions of Ms. Contreras' and Ms. Rodriguez's employment at Hawthorn Suites.

5.3  Defendant Hawthorn Suites interviewed Ms. Contreras in February 2018 and hired her as a housekeeper at its hotel facility located in Kent, Washington, where she has worked since February 2018 until the present date. As of the date of Contreras' initial employment interview, Defendant Hawthorn Suites had notice that Contreras was monolingual Spanish-speaking.

FRANK FREED
SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104–1798
(206) 682-6711

5.3     Defendant Hawthorn Suites interviewed Ms. Rodriguez in March 2018 and hired her to work as a housekeeper at its hotel facility located in Kent, Washington starting on March 14, 2018 until July 15, 2018. As of the date of Rodriguez's interview for this position, Defendant Hawthorn Suites had notice that she was monolingual Spanish-speaking.

5.4     Beginning on or about April 1, 2018, Defendant Hawthorn Suites' maintenance manager/housekeeping manager subjected Contreras and Rodriguez to multiple instances of unwelcome physical contact of a sexual nature, including coming up behind Plaintiff-Intervenors, grabbing and groping their bodies and rubbing up against Ms. Contreras' backside. Defendant Hawthorn Suites' maintenance/housekeeping manager also made multiple unwelcome comments of a sexual nature, and mocked Rodriguez for protesting being touched by him. The maintenance/housekeeping manager also repeatedly told Contreras that he was going to rape her.

5.5     Fearing for her physical safety because of the harassment by the Defendant Hawthorn Suites' maintenance/housekeeping manager and having no reasonable alternatives, Rodriguez was constructively discharged by Defendants on July 15, 2018.

5.6     Contreras reported the harassment she was subjected to by Defendant Hawthorn Suites' maintenance/housekeeping manager, including his repeated threats to rape her, to her immediate supervisor in October 2018. A few days later, Contreras met with Defendants' General Manager at the Kent hotel facility and, with the assistance of a co-worker who speaks both Spanish and English, Contreras described the nature of the sexual harassment the maintenance/housekeeper manager had subjected her to in previous months.

5.7     Defendants conducted a cursory investigation of Contreras' complaints consisting of merely questioning the maintenance/housekeeping manager about the allegations against him

5.8     When the maintenance/housekeeping manager denied the allegations, Defendants took no disciplinary action or any other action to investigate or address and end the harassment.

FRANK FREED
SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798
(206) 682-6711

5.9    After Contreras' report of harassment in October 2018, Defendants retaliated against her in the following ways:  (1) by prohibiting Contreras' co-worker who interpreted for her in the meeting with the General Manager where she reported the harassment from providing further translation assistance, thereby preventing Contreras from reporting or discussing the harassment with management due to the language barrier; (2) by threatening to fire Contreras if she brought her son to the Kent facility to translate for her and threatening to call the police if Contreras' son came to the facility to assist her with translation; (3) ordering Contreras' supervisor to immediately fire her if she made any mistakes at work; (4) directing Contreras' supervisor to reduce her work days from five to just three days per week when other housekeepers had their hours reduced from five to four days per week; and (5) by refusing to give Contreras a wage rate increase of fifty cents per hour even though the other housekeepers employed by Defendants received this increase.

5.10    Defendants' actions and inactions set forth above had the effect of depriving Contreras of equal employment opportunities and adversely affecting Contreras' terms and conditions of employment because of her sex (female).  The effect of the Defendants' actions and inactions set forth above has been to deprive Contreras of equal employment opportunities and otherwise adversely affect her employment status because she engaged in protected activity of opposing discrimination.

5.11    Defendants' actions and inactions set forth above had the effect of depriving Rodriguez of equal employment opportunities and adversely affecting Rodriguez's terms and conditions of employment because of her sex (female).

5.12    The unlawful employment practices described above were intentional.

5.13    The unlawful employment practices described above were committed with malice or with reckless indifference to the federally protected rights of Contreras and Rodriguez.

FRANK FREED
SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798
(206) 682-6711

## VI. FIRST CAUSE OF ACTION
## DISCRIMINATION IN VIOLATION OF TITLE VII

6.1 Plaintiff Intervenors re-allege and incorporate by this reference each and every allegation contained in paragraphs 1.1 through 5.13 as though fully set forth herein.

6.2 Title VII prohibits discrimination in the terms and conditions of employment on the basis of sex, including sexual harassment.

6.3 Under Title VII, an indirect employer who exerts a peculiar degree of control over the terms and conditions of employment is liable for employment discrimination by the direct employer.

6.4 Contreras and Rodriguez were subjected to a pattern of offensive and unwelcome discriminatory conduct because of their sex, so severe or pervasive that it altered the terms and conditions of their employment.

6.5 The actions described above render Defendants Hawthorne Suites and Jaffer, Inc., Intervenor Plaintiffs' indirect employer, liable for the discriminatory employment actions against Contreras and Rodriguez.

6.6 Hawthorne Suites' and Jaffer, Inc.'s actions and inactions caused Contreras and Rodriguez to suffer both economic and non-economic damages, including, but not limited to, lost wages and benefits, lost earning capacity, mental and emotional harm including emotional and mental distress, anxiety, anguish, humiliation, a reduction in their ability to enjoy life, and pain and suffering.

6.7 Hawthorne Suites' and Jaffer, Inc.'s discriminatory treatment of Contreras and Rodriguez was intentional. Defendants Hawthorne Suites and Jaffer, Inc. engaged in the discriminatory practices described above with malice or with reckless indifference to Contreras' and Rodriguez's federally protected rights under Title VII, entitling Contreras and Rodriguez to an award of punitive damages.

FRANK FREED
SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798
(206) 682-6711

## VII. SECOND CAUSE OF ACTION
## DISCRIMINATION IN VIOLATION OF R.C.W. 49.60

7.1. Plaintiff-Intervenors reallege and incorporate by this reference each and every allegation contained in paragraphs 1.1 through 5.13 as though fully set forth herein.

7.2 The Washington Law Against Discrimination, RCW 49.60, prohibits discrimination in the terms and conditions of employment on the basis of sex, including sexual harassment.

7.3 The Washington Law Against Discrimination, RCW 49.60 defines "employer" broadly to include anyone acting in the interest of the employer, including an indirect employer.

7.4 Contreras and Rodriguez were subjected to a pattern of offensive and unwelcome discriminatory conduct by Defendants because of their sex, so severe or pervasive that it altered the terms and conditions of their employment.

7.5 The actions described above render Hawthorne Suites and Jaffer, Inc. liable for the above-described discriminatory employment actions against Contreras and Rodriguez.

7.6 Hawthorne Suites' and Jaffer, Inc.'s actions and inaction caused Contreras and Rodriguez to suffer both economic and non-economic damages, including, but not limited to, lost wages and benefits, lost earning capacity, mental and emotional harm including emotional and mental distress, anxiety, anguish, humiliation, a reduction in their ability to enjoy life, and pain and suffering.

## VIII. THIRD CAUSE OF ACTION
## RETALIATION AGAINST CONTRERAS IN VIOLATION OF TITLE VII

8.1 Plaintiff Intervenors reallege and incorporate by this reference each and every allegation contained in paragraphs 1.1 through 5.13 as though fully set forth herein.

8.2 Title VII prohibits retaliation for an employee's good faith opposition to discriminatory employment actions. 42 U.S.C. § 2000e-3(a).

8.3 After Contreras reported the harassment she was experiencing, Hawthorne Suites and Jaffer, Inc. took adverse employment action against her, affecting the terms and conditions of her employment and causing her to suffer both economic and non-economic damages,
FIRST AMENDED COMPLAINT - 8

including, but not limited to, lost wages and benefits, lost earning capacity, mental and emotional harm including emotional and mental distress, anxiety, anguish, humiliation, a reduction in her ability to enjoy life, and pain and suffering.

8.4 The above-described actions render Hawthorne Suites and Jaffer, Inc. liable to Contreras for retaliatory employment actions under Title VII.

8.5 Hawthorne Suites' and Jaffer, Inc.'s actions and inactions caused Contreras to suffer both economic and non-economic damages, including, but not limited to, lost wages and benefits, lost earning capacity, mental and emotional harm including emotional and mental distress, anxiety, anguish, humiliation, a reduction in their ability to enjoy life, and pain and suffering.

## IX. FOURTH CAUSE OF ACTION
## RETALIATION AGAINST CONTRERAS IN VIOLATION OF R.C.W. 49.60

9.1 Plaintiff-Intervenors reallege and incorporate by this reference each and every allegation contained in paragraphs 1.1 through 5.13 as though fully set forth herein.

9.2 The Washington Law Against Discrimination, R.C.W. 49.60.210, prohibits retaliation for an employee's good faith opposition to discriminatory employment actions.

9.3 After Contreras reported the harassment she was experiencing to the General Manager, Hawthorne Suites and Jaffer, Inc. took adverse employment action against her, affecting the terms and conditions of her employment and causing her suffer both economic and non-economic damages, including, but not limited to, lost wages and benefits, lost earning capacity, mental and emotional harm including emotional and mental distress, anxiety, anguish, humiliation, a reduction in her ability to enjoy life, and pain and suffering.

9.4 The above-described actions render Hawthorne Suites and Jaffer, Inc. liable to Contreras for retaliatory employment actions under RCW 49.60.210.

FRANK FREED
SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798
(206) 682-6711

## X. PRAYER FOR RELIEF

Plaintiff-Intervenors request this Court grant the following relief to correct Defendants' unlawful actions.

A. An order finding that Defendants violated Title VII and the Washington Law Against Discrimination;

B. A permanent injunction prohibiting Defendants from further violations of these laws;

C. Monetary damages to compensate Plaintiff-Intervenors for their economic and emotional injuries in amounts to be proven at trial. These damages include, but are not limited to, lost wages and benefits, lost earning capacity, and mental and emotional harm including emotional and mental distress, anxiety, anguish, humiliation, a reduction in their ability to enjoy life, and pain and suffering;

D. Pre- and post-judgment interest;

E. Compensation for any adverse tax consequences resulting from a judgment under the Washington Law Against Discrimination pursuant to *Blaney v. Int'l Ass'n of Machinists & Aerospace Workers, Dist. No. 160*, 151 Wn.2d 203, 87 P.3d 757 (2004).

F. Punitive damages pursuant to Title VII;

G. Costs of litigation, including reasonable attorneys' fees and expert witness fees;

H. Such other further and different relief as the Court deems just and proper.

Plaintiff-Intervenors reserve their right to amend their claims in the nature and extent of their damages to conform to the facts that may be demonstrated either prior to or during the time of trial.

FRANK FREED
SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798
(206) 682-6711

DATED this 14th day of June, 2021.

                       FRANK FREED SUBIT & THOMAS LLP

By: /s/ Sean M. Phelan
Sean M. Phelan, WSBA #27866
Attorney for Plaintiff-Intervenors
Maria Cruz Contreras and Sofia Vera Rodriguez
Frank Freed Subit & Thomas, LLP
705 Second Avenue Suite 1200
Seattle, WA 98104
Tel: (206) 682-6711 / Fax: (206) 682-0401
Email: sphelan@frankfreed.com

FIRST AMENDED COMPLAINT - 11

FRANK FREED
SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798
(206) 682-6711

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of June, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Roberta L. Steele     Roberta.steele@eeoc.gov

Carmen Flores     Carmen.flores@eeoc.gov

Aaron Rocke     Aaron@rockelaw.com

And I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants: NONE

*Megan Grosse*
Megan Grosse, Legal Assistant

FIRST AMENDED COMPLAINT - 12

FRANK FREED
SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798
(206) 682-6711