Sean M. Phelan, WSBA #27866
Ellicott Dandy, WSBA #57279
FRANK FREED SUBIT & THOMAS, LLP
705 Second Avenue, Suite 1200
Seattle, WA 98104
Tel: (206) 682-6711
Fax: (206) 682-0401

Attorney for Plaintiff-Intervenors

The Honorable Brian A Tsuchida

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WASHINGTON
### AT SEATTLE

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>and,<br><br>MARIA CRUZ CONTRERAS and SOFIA VERA RODRIGUEZ,<br><br>Plaintiff-Intervenors,<br><br>vs.<br><br>GIPHX10, LLC d/b/a "HAWTHORN SUITES BY WYNDHAM," and JAFFER, INC.,<br><br>Defendants. | CASE NO 2:20-cv-01369-RAJ-BAT<br><br>**PLAINTIFF-INTERVENORS' OPPOSITION TO DEFENDANTS' MOTION TO MODIFY CASE SCHEDULING ORDER WITH RESPECT TO DISPOSITIVE MOTIONS DEADLINE** |

PLAINTIFF-INTERVENORS' OPPOSITION TO DEFENDANTS' MOTION TO MODIFY CASE SCHEDULING ORDER WITH RESPECT TO DISPOSITIVE MOTIONS DEADLINE - 1
Case No. 2:20-cv-01369-RAJ-BAT

FRANK FREED
SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798
(206) 682-6711

## INTRODUCTION

On the eve of mediation between the parties to this action scheduled for May 16, 2022, Defendants announced that they needed to postpone the mediation to get their "affairs in order." Based on Defendants' representations that a postponement would foster "the most productive mediation," Plaintiff-Intervenors reluctantly agreed to reschedule the mediation. However, Plaintiff-Intervenors did not, at any time, agree to modify any other case deadlines. Without citing a scintilla of evidence of "good cause," Defendants have moved this Court to modify the case scheduling order, for a *fifth* time, to extend both the mediation deadline and the deadline for filing dispositive and *Daubert* motions. Absent *any* showing of "good cause," this Court should reject Defendants' efforts to delay the deadlines for dispositive and *Daubert* motions.

## FACTS

As noted in Defendants' Motion to Amend Pretrial Schedule, the parties to this lawsuit have previously stipulated to four modifications of the case scheduling order. Dkt 50. Pursuant to the terms of the March 31, 2022 Amended Pretrial Order (Dkt. 49), the parties agreed to reserve a full day mediation with retired Judge John Erlick. On April 1, 2022, the parties confirmed the full day mediation with Judge Erlick to be held on May 16, 2022. Phelan Declaration In Opposition to Defendants' Motion to Modify Case Scheduling Order ("Phelan Decl."), ¶2.

One week before the scheduled mediation, on May 9, 2022, counsel for Defendants, Attorney Aaron Rocke, emailed counsel for Plaintiff EEOC and counsel for Plaintiff-Intervenors stating that he needed to "look at a short delay of mediation to iron out something." *Id.*, ¶3, **Exh. A.** Counsel for Plaintiff-Intervenors responded to Mr. Rocke's message expressing frustration and disappointment and asked for clarification of the reasons Defendants were seeking to postpone the mediation. *Id.* Plaintiff-Intervenor's counsel reminded Mr. Rocke that moving the mediation date into June 2022 as he suggested would require another modification of the

PLAINTIFF-INTERVENORS' OPPOSITION TO
DEFENDANTS' MOTION TO MODIFY CASE
SCHEDULING ORDER WITH RESPECT TO DISPOSITIVE
MOTIONS DEADLINE - 2
Case No. 2:20-cv-01369-RAJ-BAT

FRANK FREED
SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798
(206) 682-6711

scheduling order since the deadline for mediation under the existing scheduling order was May 31, 2022. *Id.*

Although Plaintiff-Intervenors' counsel sought clarification of the factual basis for an extension of deadlines, Attorney Rocke did not provide any factual reasons for moving case deadlines. *Id.* Instead, he merely provided dates of mediator availability in June 2022. *Id.* Plaintiff-Intervenors reluctantly agreed to reschedule the mediation with the understanding that Defendants would pay any cancelation fees or penalties and that Attorney Rocke would draft a motion seeking leave of court to continue *the mediation deadline. Id.*

On May 10, 2022, Attorney Rocke circulated a proposed Stipulated Motion seeking to amend the pretrial deadlines, including the mediation deadline, the dispositive motions deadline and *Daubert* motions deadline. *Id.* The draft stipulation contained a bald conclusory statement that "good cause" for the requested modifications to the case scheduling order existed but provided no evidence or factual basis for this assertion.

Counsel for Plaintiff-Intervenors declined to sign the stipulation as drafted since it cited no evidence of "good cause" for amending the case scheduling order. *Id.* Counsel for Plaintiff-Intervenors also stated that in the event the case did not resolve in mediation on June 10, 2022, Plaintiff-Intervenors would be ready to file an affirmative motion for partial summary judgment by the June 30, 2022 deadline. *Id.* Since neither party disclosed expert witnesses, the deadline for *Daubert* motions is irrelevant. Phelan Decl., ¶5.

Attorney Rocke did not provide *any* factual showing or evidence of good cause to continue the case scheduling order for a *fifth* time. Phelan Decl., **Exh. A**. Instead, Mr. Rocke filed a motion with the Court seeking to move the deadlines for mediation, dispositive motions and *Daubert* motions without providing any explanations for the need for such an extension. Plaintiff-Intervenors disagree that it is necessary to move the current deadline for dispositive

PLAINTIFF-INTERVENORS' OPPOSITION TO
DEFENDANTS' MOTION TO MODIFY CASE
SCHEDULING ORDER WITH RESPECT TO DISPOSITIVE
MOTIONS DEADLINE - 3
Case No. 2:20-cv-01369-RAJ-BAT

FRANK FREED
SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798
(206) 682-6711

motions or *Daubert* motions and submit that Defendants have failed to present any evidence showing there is "good cause" to do so.

Amendments of the scheduling order are governed by Rule 16 of the Federal Rules of Civil Procedure. Pursuant to Fed.R.Civ.P. 16(b)(4), a case schedule may be modified only for "good cause" and with the judge's consent. Local Rule 16 (b)(6) for the Western District further provides, "The parties are bound by the dates specified in the scheduling order. A schedule may be modified only for good cause and with the judge's consent. Mere failure to complete discovery within the time allowed does not constitute good cause for an extension or continuance." Defendants have failed to make any showing of "good cause" to modify the case schedule again by modifying the deadlines for dispositive motions.

While prejudice to the opposing party could "supply additional reasons to deny a motion," Rule 16(b)' s "good cause" standard primarily considers the diligence of the party seeking the amendment. *Johnson v. Mammoth Recreations*, 975 F.2d 604, 609 (1992). The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." *Id.* Fed.R.Civ.P. 16 advisory committee's notes (1983 amendment); *Harrison Beverage Co. v. Dribeck Importers, Inc.,* 133 F.R.D. 463, 469 (D.N.J.1990); *Amcast Indus. Corp. v. Detrex Corp.,* 132 F.R.D. 213, 217 (N.D.Ind.1990); *Forstmann,* 114 F.R.D. at 85; 6A Wright, Miller & Kane, *Federal Practice and Procedure* § 1522.1 at 231 (2d ed. 1990) ("good cause" means scheduling deadlines cannot be met despite party's diligence). *Id.*

If the party moving for amendment of the scheduling order has not demonstrated diligence, the inquiry should end and the motion should be denied. *Id.* As the Ninth Circuit has observed, "[d]isregard of the [scheduling] order would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier." *Id.* at 610.

PLAINTIFF-INTERVENORS' OPPOSITION TO DEFENDANTS' MOTION TO MODIFY CASE SCHEDULING ORDER WITH RESPECT TO DISPOSITIVE MOTIONS DEADLINE - 4
Case No. 2:20-cv-01369-RAJ-BAT

FRANK FREED
SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798
(206) 682-6711

Here, despite multiple explicit requests for the basis of Defendants' request to extend the deadlines for mediation, dispositive motions and *Daubert* motions, Defendants have refused to provide any evidence or factual basis supporting a finding of "good cause." Instead, Defendants simply stated that an extension of the agreed mediation date was necessary to get some "affairs in order" and that the additional time would enable the "most productive mediation." In recognition that the parties need to be equally committed to the same mediation date for the parties to have the best chance of reaching a mutual resolution of the case, Plaintiff-Intervenors and Plaintiff EEOC agreed to reschedule the mediation. Neither Plaintiff-Intervenors nor Plaintiff EEOC agreed to move the deadline for dispositive motions. Moreover, Defendants have offered no explanation for modifying the dispositive motions deadline. In the event that the case does not resolve at the rescheduled mediation on June 10, 2022, they are prepared to file an affirmative summary judgment motion by current deadline of June 30, 2022. Defendant has provided no evidence that with reasonable diligence, they would be unable to also meet that deadline.

## CONCLUSION

Defendants have provided no evidence of good cause to modify the deadline for dispositive motions. Pursuant to Fed.R.Civ.P. 16(b), this Court should grant the agreed motion to extend the mediation deadline to June 10, 2022 and deny Defendants' motion to Amend the Pretrial Order with respect to the deadline for dispositive or *Daubert* motions.

PLAINTIFF-INTERVENORS' OPPOSITION TO
DEFENDANTS' MOTION TO MODIFY CASE
SCHEDULING ORDER WITH RESPECT TO DISPOSITIVE
MOTIONS DEADLINE - 5
Case No. 2:20-cv-01369-RAJ-BAT

FRANK FREED
SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798
(206) 682-6711

1    DATED this 25th day of May 2022.

FRANK FREED SUBIT & THOMAS LLP

_____
Sean M. Phelan, WSBA #27866
Email:  sphelan@frankfreed.com
Ellicott Dandy, WSBA #57279
Email:  edandy@frankfreed.com
Frank Freed Subit & Thomas LLP
705 Second Avenue, Suite 1200
Seattle, WA 98104
P:  (206) 682-6711
F:  (206) 682-0401

*Attorney for Plaintiff-Intervenors*

---

PLAINTIFF-INTERVENORS' OPPOSITION TO DEFENDANTS' MOTION TO MODIFY CASE SCHEDULING ORDER WITH RESPECT TO DISPOSITIVE MOTIONS DEADLINE - 6
Case No. 2:20-cv-01369-RAJ-BAT

FRANK FREED
SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798
(206) 682-6711

CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of May, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Roberta L. Steele       Roberta.steele@eeoc.gov

Carmen Flores           Carmen.flores@eeoc.gov

Aaron Rocke             Aaron@rockelaw.com

I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants: NONE

/s/ Megan Grosse
Megan Grosse, Legal Assistant

PLAINTIFF-INTERVENORS' OPPOSITION TO DEFENDANTS' MOTION TO MODIFY CASE SCHEDULING ORDER WITH RESPECT TO DISPOSITIVE MOTIONS DEADLINE - 7
Case No. 2:20-cv-01369-RAJ-BAT

FRANK FREED
SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798
(206) 682-6711