UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>and,<br><br>MARIA CRUZ CONTRERAS and SOFIA VERA RODRIGUEZ,<br><br>Plaintiff-Intervenors,<br><br>v.<br><br>GIPHX10 LLC, d/b/a HAWTHORN SUITES BY WYNDHAM, JAFFER, INC.,<br><br>Defendants. | CASE NO. 2:20-cv-01369-RAJ-BAT<br><br>**ORDER GRANTING EXTENSION OF MEDIATION DEADLINE AND DENYING EXTENSION OF OTHER DEADLINES** |

The parties have agreed to continue the mediation deadline from May 16, 2022 to June 20, 2022. Dkt. 50. Based on this continuance, Defendants GIPHX10, LLC, d/b/a Hawthorn Suites by Wyndham and Jaffer, Inc. contend that the remainder of the Court's scheduling order is no longer feasible and ask that the dispositive and *Daubert* motions deadlines be extended by two weeks. *Id.* Plaintiff Equal Employment Opportunity Commission ("EEOC") and Plaintiff-Intervenors Maria Cruz Contreras and Sofia Vera Rodriguez disagree. Dkts. 51 and 53.

BACKGROUND

The Court first issued a Pretrial Scheduling Order on October 21, 2020. Dkt. 9. After Plaintiff-Intervenors joined this action, the Pretrial Scheduling Order was amended on March 29,

ORDER GRANTING EXTENSION OF
MEDIATION DEADLINE AND DENYING
EXTENSION OF OTHER DEADLINES - 1

2021. Dkt. 18. On June 3, 2021, the Court allowed Plaintiff-Intervenors to join Defendant Jaffer, Inc. Dkt. 31. The Pretrial Scheduling Order was subsequently amended three more times pursuant to the joint stipulation of the parties. Dkts. 40, 45, and 49.

Pursuant to the terms of the latest Pretrial Scheduling Order (Dkt. 49), the parties agreed to reserve a full day mediation with retired Judge John Erlick. On April 1, 2022, the parties confirmed the full day mediation with Judge Erlick to be held on May 16, 2022. Dkt. 52, Declaration of San M. Phelan, ¶2. One week before the scheduled mediation, on May 9, 2022, counsel for Defendants, Attorney Aaron Rocke, emailed counsel for Plaintiff EEOC and counsel for Plaintiff-Intervenors stating that he needed to "look at a short delay of mediation to iron out something." *Id*., ¶3, Exh. A. Counsel for Plaintiff-Intervenors requested a reason for the postponement and noted that moving the mediation date from May 31, 2022 (the current deadline) into June 2022 would require another modification of the scheduling order. *Id*. Attorney Rocke provided dates of mediator availability in June 2022 but gave no reason for moving the remaining case deadlines. *Id*.

Plaintiff-Intervenors agreed to reschedule the mediation with the understanding that Defendants would pay any cancelation fees or penalties and that Attorney Rocke would draft a motion seeking leave of court to continue the mediation deadline. Dkt. 52, Phelan Decl., *Id*., ¶ 7. On May 10, 2022, Attorney Rocke circulated a proposed stipulated motion seeking to amend the pretrial deadlines, including the mediation deadline, the dispositive motions deadline and *Daubert* motions deadline. *Id*., ¶ 9. Counsel for Plaintiff-Intervenors declined to sign the stipulation as drafted since it cited no evidence of "good cause" for amending the scheduling order. *Id*., ¶ 10. Counsel for Plaintiff-Intervenors also stated that in the event the case did not resolve in mediation on June 10, 2022, Plaintiff-Intervenors would be ready to file an affirmative

ORDER GRANTING EXTENSION OF
MEDIATION DEADLINE AND DENYING
EXTENSION OF OTHER DEADLINES - 2

1  motion for partial summary judgment by the June 30, 2022 deadline. *Id*. Since neither party
2  disclosed expert witnesses, the deadline for *Daubert* motions is irrelevant. Dkt. 52, Phelan Decl.,
3  ¶5.

4  Plaintiff and Plaintiff-Intervenors disagree that it is necessary to move the current
5  deadline for dispositive motions and submit that Defendants have failed to present any evidence
6  showing there is "good cause" to do so. Dkts. 51, 53. Their disagreement with Defendants'
7  proposed changes to the scheduling order is not limited to the form of the stipulation and
8  proposed order. While Plaintiff and Plaintiff-Intervenors agreed to extend the deadline for
9  mediation to foster a productive negotiation, they oppose modifying the current deadline for
10 dispositive motions. If the case is not resolved at the rescheduled mediation on June 10, 2022,
11 Plaintiff-Intervenors is prepared to file an affirmative summary judgment motion by current
12 deadline of June 30, 2022.

13 On May 26, 2022, while this motion was pending, Defendant filed a motion for summary
14 judgment on May 26, 2022. Dkt. 54.

15                                    DISCUSSION

16 Amendments of the scheduling order are governed by Rule 16 of the Federal Rules of
17 Civil Procedure. Pursuant to Fed. R. Civ. P. 16(b)(4), a case schedule may be modified only for
18 "good cause" and with the judge's consent. Local Rule 16 (b)(6) for the Western District further
19 provides, "[t]he parties are bound by the dates specified in the scheduling order. A schedule may
20 be modified only for good cause and with the judge's consent. Mere failure to complete
21 discovery within the time allowed does not constitute good cause for an extension or
22 continuance."

23

ORDER GRANTING EXTENSION OF
MEDIATION DEADLINE AND DENYING
EXTENSION OF OTHER DEADLINES - 3

Defendants have failed to make any showing of "good cause" to modify the case schedule again by modifying the deadlines for dispositive motions. While prejudice to the opposing party could "supply additional reasons to deny a motion," Rule 16(b)' s "good cause" standard primarily considers the diligence of the party seeking the amendment. *Johnson v. Mammoth Recreations*, 975 F.2d 604, 609 (1992). The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." *Id.*; Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment).

Defendants have provided no evidence or factual basis supporting a finding of "good cause." This case has been pending for two years, discovery was completed at the end of February 2022, and the parties have already negotiated four continuances of the scheduling order. Finally, Defendants have provided no evidence that with reasonable diligence, they would be unable to meet the current deadline of June 30, 2022 for the filing of dispositive motions. In fact, on May 26, 2022 well before that deadline, Defendants filed their dispositive motion. Dkt. 54.

Accordingly, it is **ORDERED** that the agreed motion to extend the mediation deadline to **June 10, 2022** is **GRANTED**; Defendants' motion to extend the deadlines for the filing of summary judgment and *Daubert* motions is **DENIED**.

DATED this 27th day of May, 2022.

BRIAN A. TSUCHIDA
United States Magistrate Judge

ORDER GRANTING EXTENSION OF
MEDIATION DEADLINE AND DENYING
EXTENSION OF OTHER DEADLINES - 4