THE HONORABLE RICHARD A. JONES

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

                 Plaintiff,

and

MARIA CRUZ CONTRERAS and SOFIA
VERA RODRIGUEZ,

                 Plaintiff-Intervenors,

v.

GIPHX10, LLC d/b/a "HAWTHORN
SUITES BY WYNDHAM;" and JAFFER,
INC.,

              Defendants.

NO. 2:20−cv−01369−RAJ−BAT

[PROPOSED] CONSENT DECREE

## I.      INTRODUCTION

1.     This action originated when Maria Cruz Contreras Ramirez ("Contreras") and

Sofia Vera Rodriguez ("Rodriguez") each filed a charge of discrimination with the Equal

Employment Opportunity Commission ( "EEOC") in December 2018.  Rodriguez and Contreras

alleged that GIPHX10, LLC d/b/a "Hawthorn Suites by Wyndham" discriminated against them

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 FIRST AVE., SUITE 400
SEATTLE, WASHINGTON 98104
PHONE (206) 220-6884
FAX (206) 220-6911
TDD (206) 220-6882

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

in violation of Title VII of the Civil Rights Act of 1964, as amended ("Title VII") when it subjected them to sexual harassment based on their sex (female).  Rodriguez also alleged that Defendant constructively discharged her.  Finally, Contreras claimed that Defendant retaliated against her for complaining about the harassment.

2.        On March 30, 2020, the EEOC issued a Letter of Determination for each charge finding that there was reasonable cause to believe that GIPHX10, LLC violated Title VII with regard to Contreras and Rodriguez. Thereafter, EEOC attempted to conciliate each of these two charges but was unsuccessful.

3.        The EEOC filed this lawsuit on September 17, 2020, in the United States District Court for the Western District of Washington, alleging that Defendant subjected Rodriguez and Contreras to unlawful harassment based on their sex, constructively discharged Rodriguez, and retaliated against Contreras for complaining about the harassment.

4.        On June 3, 2021, the Court joined Jaffer, Inc., as a necessary party pursuant to Fed. R. Civ. P. 19(a)(1). (ECF No. 31, GIPHX10, LLC and Jaffer, Inc., hereinafter "Defendants").

5.        The parties want to conclude fully and finally all claims arising out of the EEOC's Complaint and Rodriguez's and Contreras's charges of discrimination filed with the EEOC.  The EEOC and Defendants enter into the Consent Decree to further the objectives of equal employment opportunity under Title VII.

## II.        JURISDICTION AND VENUE

6.        Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized pursuant to Sections 706(f) (1) and (3) of Title VII of

*EEOC, et al v.* GIPHX10, LLC d/b/a "Hawthorn Suites by Wyndham;" and JAFFER, INC.
[PROPOSED] CONSENT DECREE
2:20-CV-01369-RAJ-BAT
Page 2 of 18

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 FIRST AVE., SUITE 400
SEATTLE, WASHINGTON 98104
PHONE (206) 220-6884
FAX (206) 220-6911
TDD (206) 220-6882

the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f) (1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

7.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of Washington at Seattle.

### III.      SETTLEMENT SCOPE

8.      This Consent Decree is the final and complete resolution of all Title VII allegations of unlawful employment practices contained in Rodriguez's and Contreras's discrimination charges, in the EEOC's administrative determinations, and in the Complaint filed herein, including all claims by Plaintiff EEOC and Defendants for attorney fees and costs.

9.      This Decree applies to GIPHX10, LLC d/b/a "Hawthorn Suites by Wyndham;" and Jaffer, Inc., and their successors and assigns including any purchasers during the term of the Consent Decree.

10.      At the present time, Defendants represent that they no longer have any ownership interest in any business entity in Washington State or elsewhere in the United States. If either or both Defendants acquire any ownership interest in any hotel in Washington State from June 10, 2022 to December 31, 2024, then the provisions of this Consent Decree will apply, including but not limited to Paragraphs 36 and 39 below. Prior to the sale of any ownership interest in any Washington State hotel by either or both Defendants from June 10, 2022 to December 31, 2024, Defendants will provide written notice about the allegations raised in the EEOC's Complaint, the existence and contents of this Decree and the obligation of the successor or purchaser to comply with the terms of the Decree for its duration. Defendants shall make a condition of any sale of Defendants' ownership interest in any Washington State hotel from June 10, 2022 to December

*EEOC, et al v.* GIPHX10, LLC d/b/a "Hawthorn Suites by Wyndham;" and JAFFER, INC.
[PROPOSED] CONSENT DECREE
2:20-CV-01369-RAJ-BAT
Page 3 of 18

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 FIRST AVE., SUITE 400
SEATTLE, WASHINGTON 98104
PHONE (206) 220-6884
FAX (206) 220-6911
TDD (206) 220-6882

31, 2024, that the successor or purchaser will comply fully with the terms of this Decree for its duration.  This condition shall be specifically stated in any purchase and sale agreement.

11.     Defendants will not condition the receipt of monetary relief on Rodriguez's or Contreras's agreement to: (a) maintain as confidential the alleged facts and/or allegations underlying her charge and this Complaint and the terms of this Decree; (b) waive her statutory right to file a charge with any government agency; (c) refrain from applying for a job at GIPHX10, LLC d/b/a "Hawthorn Suites by Wyndham;" Jaffer, Inc.; and any hotel in Washington State in which Defendants acquire an ownership interest from June 10, 2022 to December 31, 2024; or (d) a non-disparagement and/or confidentiality agreement.

12.     No waiver, modification or amendment of any provision of this Consent Decree shall be effective unless made in writing and approved by the parties to this Decree, and any substantive change, modification or amendment of any provision of this Consent Decree shall also require approval by the Court.

IV.     MONETARY RELIEF

13.     Defendants agree to pay  Rodriguez and  Contreras and their private counsel law firm the total amount of Three Hundred Seventy Thousand Dollars ($370,000.00) segregated as directed within (20) days of the date of entry of this Consent Decree by delivering the following to Rodriguez's and Contreras's private counsel, Sean Phelan with Frank Freed Subit & Thomas, by overnight mail or hand delivery. Defendants shall simultaneously transmit copies of the checks made payable to Rodriguez and Contreras, together with an accounting of the employee deductions and employer contributions made, and tracking information for the delivery of the checks or proof of delivery to: EEOC-SEFO_COMPLIANCE@eeoc.gov and SEFO_HAWTHORN@EEOC.GOV.

*EEOC, et al v.* GIPHX10, LLC d/b/a "Hawthorn Suites by Wyndham;" and JAFFER, INC.
[PROPOSED] CONSENT DECREE
2:20-CV-01369-RAJ-BAT
Page 4 of 18

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 FIRST AVE., SUITE 400
SEATTLE, WASHINGTON 98104
PHONE (206) 220-6884
FAX (206) 220-6911
TDD (206) 220-6882

a.  A check in the amount of $65,000 as compensatory damages payable to Rodriguez;

b.  Rodriguez shall provide Defendants with W-9 forms within five (5) business days of the entry of this Decree. Defendants will issue an IRS form W-2 for any wage payment and an IRS form 1099 for the payment of non-wage damages.

c.  A check in the amount of $105,000 as compensatory damages payable to Contreras;

d.  Contreras shall provide Defendants with W-9 form within five (5) business days of the entry of this Decree. Defendants will issue an IRS form W-2 for any wage payment and an IRS form 1099 for the payment of non-wage damages.

e.  Attorneys fees in the amount of $200,000 payable to Frank Freed Subit & Thomas.

## V.   INJUNCTIVE AND OTHER RELIEF

### A.   General Provisions

14.   For the duration of the Consent Decree, Defendants and their officers, agents, employees, including all managers, supervisors, and human resources staff, and their successors and assigns, including any operators or purchasers of Defendants, are enjoined from engaging in practices that constitute harassment under Title VII based on sex (female) or retaliation for engaging in protected EEO activity at any Washington State hotel either or both Defendants acquire an ownership interest in from June 10, 2022 to December 31, 2024.

### B.   Anti-Discrimination Practices Consultant

15.   Defendants shall retain a third-party independent consultant ("Consultant") with expertise in employment discrimination under Title VII and related employment policies and

*EEOC, et al v.* GIPHX10, LLC d/b/a "Hawthorn Suites by Wyndham;" and JAFFER, INC.
[PROPOSED] CONSENT DECREE
2:20-CV-01369-RAJ-BAT
Page 5 of 18

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 FIRST AVE., SUITE 400
SEATTLE, WASHINGTON 98104
PHONE (206) 220-6884
FAX (206) 220-6911
TDD (206) 220-6882

practices within thirty (30) days of either or both Defendants acquiring an ownership interest in any hotel in Washington State from June 10, 2022 to December 31, 2024.  Prior to retention of the Consultant, Defendants shall provide materials related to the Consultant's qualifications and expertise, particularly as they relate to and are consistent with advancing the purpose and requirements of this Consent Decree, to the EEOC for review and comment.  Within fifteen (15) days of receipt, the EEOC will advise the Defendants of any comments.  The Consultant must be retained for the entire duration of the Consent Decree, consistent with Paragraphs, 10, 36 and 39. The Defendants shall bear all costs of retaining the Consultant to perform the duties required by this Consent Decree. The Consultant will assist Defendants in the review, development, and promulgation of policies, practices, and training consistent with the requirements of this Consent Decree, and specifically with regard to compliance with Title VII.  The Consultant may also receive, investigate and make determinations for resolution of all complaints of discrimination, including sexual harassment, and retaliation.  The Consultant shall also ensure that all employees, including owners, managers, supervisors and human resources employees receive training required by Paragraphs 25-31 of this Decree.  The Consultant shall further ensure that Defendants' performance and discipline policies hold owners, managers and employees accountable for engaging in conduct that is prohibited under Title VII or this Decree or failing to take appropriate action regarding complaints of discrimination, including sexual harassment, and retaliation. The Consultant is also empowered to ensure that Defendants timely submit the compliance reports required by Paragraph 34 of this Decree.

16.     The Consultant will have access to all records, documents, data and other sources of information, including interviews of Defendants' personnel, which the Consultant deems necessary or appropriate to perform the duties required by the Decree.

*EEOC, et al v.* GIPHX10, LLC d/b/a "Hawthorn Suites by Wyndham;" and JAFFER, INC.
[PROPOSED] CONSENT DECREE
2:20-CV-01369-RAJ-BAT
Page 6 of 18

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 FIRST AVE., SUITE 400
SEATTLE, WASHINGTON 98104
PHONE (206) 220-6884
FAX (206) 220-6911
TDD (206) 220-6882

C.     Anti-Discrimination Policies and Procedures

17.     Within ninety (90) days of either or both Defendants acquiring an ownership interest in any hotel in Washington State from June 10, 2022 to December 31, 2024, Defendants shall with the assistance of the Consultant develop and implement anti-discrimination policies and procedures that prohibit discrimination, including sexual harassment, and retaliation, explain to employees their rights and responsibilities under the EEO laws, and are subject to periodic updating to reflect changes in anti-discrimination laws.  The policies will state that they are promulgated at the direction of and with the endorsement by the highest level of the company. These policies and procedures shall be provided to the EEOC for review and comment no later than twenty (20) days prior to implementation.  Within fifteen (15) days of receipt, the EEOC will advise the Defendants of any comments.  EEOC agrees to review the proposed policies and procedures in good faith.

18.     Defendants' anti-discrimination policies shall contain specific provisions relating to sexual harassment and retaliation.  The harassment section of the policies will provide a definition of sexual harassment and must include statements that: (1) each employee has the right to be protected from harassing behavior while at work, including inappropriate behavior from any  owner, manager or supervisor, and (2) each employee has the right to be protected from retaliation for complaining about  discrimination or participating  as a witnesses in an investigation of any discrimination complaint.

19.     Defendants' policies against discrimination shall include, at a minimum, the following provisions:

    a.  A strong and clear commitment to a workplace free of sexual harassment and
        retaliation;

*EEOC, et al v.* GIPHX10, LLC d/b/a "Hawthorn Suites by Wyndham;"
and JAFFER, INC.
[PROPOSED] CONSENT DECREE
2:20-CV-01369-RAJ-BAT
Page 7 of 18

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 FIRST AVE., SUITE 400
SEATTLE, WASHINGTON 98104
PHONE (206) 220-6884
FAX (206) 220-6911
TDD (206) 220-6882

b. Clear and comprehensive description of sexual harassment (both *quid pro quo* and hostile work environment) and retaliation, with examples tailored to the particular workplace;

c. Statements prohibiting sexual or sex-based harassment and retaliation, with examples;

d. A statement encouraging any employee to come forward if he/she believes he/she has been harassed or retaliated against for complaining about discrimination;

e. A description of the possible consequences up to and including termination that will be imposed for a violation of the policy against sexual harassment and retaliation;

f. A clearly described complaint process that provides accessible and confidential avenues of complaint with the contact information, including name, address, and telephone number of persons both internal and external (Consultant and EEOC) to whom employees can report sexual harassment and retaliation;

g. A statement that Defendants may notify the Consultant about any complaint of discrimination or retaliation they receive;

h. A statement that any employee may bring a complaint directly to the EEOC and identify the EEOC's website address, telephone number, and email address;

i. A commitment that the discrimination complaint process will be confidential, on a need-to-know basis, for the person who brings a complaint about sexual harassment and/or retaliation;

j. A statement that Defendants' sexual harassment policy applies to all owners, operators, management officials, supervisors, vendors, suppliers, and customers;

k. An assurance to employees that Defendants will take prompt and appropriate corrective action when it is determined that harassment, discrimination, and/or retaliation has occurred; and

l. An assurance that Defendants' disciplinary policies hold all employees, including, owners, operators, management officials, and supervisors accountable for engaging in or failing to take appropriate action or engaging in conduct prohibited under this Decree.

20.    Defendants' anti-discrimination and anti-retaliation policies shall include an investigation procedure to ensure fair and competent investigations of complaints of discrimination.  The procedures shall, at a minimum, include requirements that:  (a) Defendants may advise the Consultant of each complaint or assign a workplace investigator within forty-eight  (48) hours of receipt; (b) each investigation will be conducted by the Consultant or workplace investigator; (c) the investigation of a complaint will begin no later than six (6) business days after its receipt by Defendants and be completed within thirty (30) days of receipt of the complaint; (d) appropriate remedial action will be taken upon conclusion of the

*EEOC, et al v.* GIPHX10, LLC d/b/a "Hawthorn Suites by Wyndham;" and JAFFER, INC.
[PROPOSED] CONSENT DECREE
2:20-CV-01369-RAJ-BAT
Page 8 of 18

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 FIRST AVE., SUITE 400
SEATTLE, WASHINGTON 98104
PHONE (206) 220-6884
FAX (206) 220-6911
TDD (206) 220-6882

investigation; and (e) the results of each investigation, including a general description of the remedial actions taken or proposed, if any, be communicated to the complainant, if the complainant remains in communication, within five (5) business days after the conclusion of the investigation or as soon as practicable.

21.     Not later than ninety (90) days after either or both Defendants acquire an ownership interest in any hotel in Washington State from June 10, 2022 to December 31, 2024, Defendants shall distribute a written copy of its anti-discrimination policies to all employees both management and non-management in English and in Spanish.  These policies will also then be distributed within ten (10) days to every employee hired or re-hired during the duration of this Decree.  In addition, Defendants shall state its commitment as an Equal Opportunity Employer by including the following text on all application materials, including paper and online versions, highlighted in bold text no smaller than 12-point font: "Discrimination in all forms, including sexual harassment, is unacceptable.  We are committed to a workplace free from unlawful discrimination and retaliation."  The application also will contain the contact information for the Consultant who will be charged with responding to complaints of discrimination in the job application process and hiring.

D.     Policies Designed to Promote Accountability

22.     Within ninety (90) days after either or both Defendants acquire an ownership interest in any hotel in Washington State from June 10,  2022 to December 31, 2024, Defendants shall adopt and implement policies and procedures that specifically advise all owners, general managers, managers, supervisors, and human resource personnel of their duty to ensure compliance with its EEO anti-discrimination policies, including Title VII, and the prohibition against retaliation.  Defendants shall impose discipline, up to and including termination of

*EEOC, et al v.* GIPHX10, LLC d/b/a "Hawthorn Suites by Wyndham;" and JAFFER, INC.
[PROPOSED] CONSENT DECREE
2:20-CV-01369-RAJ-BAT
Page 9 of 18

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 First Ave., Suite 400
Seattle, Washington 98104
Phone (206) 220-6884
Fax (206) 220-6911
TDD (206) 220-6882

employment, upon any supervisor, manager, hiring official, or human resources personnel, who it determines discriminates, harasses or retaliates against any applicant and/or employee.

23.     In conducting performance reviews, Defendants shall include EEO enforcement and compliance as standards for vice presidents, managers, supervisors, and human resource personnel.

E.     Policy Modifications

24.     If Defendants modify any of the policies or procedures identified in Paragraphs 17-23, they shall submit to the EEOC for its review and consideration the policies and procedures no later than twenty (20) days before adoption.  Within fourteen (14) days of receipt, the EEOC will review the proposed modifications in good faith and advise Defendants of any comments.

F.     Training

25.     As set forth below in paragraphs 26-28, if either or both Defendants acquire an ownership interest in any hotel in Washington state from June 10, 2022 to December 31, 2024, Defendants shall provide, at their own cost, in person, EEO training of industry standard or better, e.g., Sexual Harassment Prevention Training – Washington Hospitality Association Education Foundation (whaef.org), for all management and human resources personnel and all non-management employees about their policies prohibiting discrimination, including sexual harassment, and retaliation.

26.     Not later than one hundred fifty (150) days after either or both Defendants acquire an ownership interest in any hotel in Washington State from June 10, 2022 to December 31, 2024, Defendants shall provide an in person, EEO training session of industry standard or better, e.g., Sexual Harassment Prevention Training – Washington Hospitality Association Education

*EEOC, et al v.* GIPHX10, LLC d/b/a "Hawthorn Suites by Wyndham;" and JAFFER, INC.
[PROPOSED] CONSENT DECREE
2:20-CV-01369-RAJ-BAT
Page 10 of 18

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 FIRST AVE., SUITE 400
SEATTLE, WASHINGTON 98104
PHONE (206) 220-6884
FAX (206) 220-6911
TDD (206) 220-6882

Foundation (whaef.org), to all owners active in the business, presidents, vice-presidents, managers, supervisors, and human resource professionals who provide advice and assistance to Defendants' management.  The anti-discrimination and anti-retaliation trainings shall be no less than four (4) hours in duration, and include, at a minimum, an overview of Title VII with special emphasis on sexual harassment and retaliation.  Defendants shall provide this training to all employees promoted into the role of president, vice-president, manager, supervisor or human resource professionals within ninety (90) days of assuming that position unless already so-trained within the last year.

27.     Not later than one hundred fifty (150) days after either or both Defendants acquire an ownership interest in any hotel in Washington State from June 10, 2022 to December 31, 2024, Defendants shall provide an annual, EEO training seminar of industry standard or better, e.g., Sexual Harassment Prevention Training – Washington Hospitality Association Education Foundation (whaef.org), to all its employees.  These annual anti-discrimination and anti-retaliation trainings for employees shall be no less than two (2) hours in duration, and include, at a minimum, an overview of Title VII with special emphasis on Defendants' EEO policies relating to sexual harassment and retaliation; Defendants' complaint and investigation procedures and contact information for reporting discrimination, including sexual harassment, and retaliation; bystander intervention techniques when employees witness discrimination, harassment or retaliation occurring; that retaliation against an employee or applicant who reports harassment or discrimination is prohibited; and contact information for EEOC as a resource for inquiries and to report discrimination, harassment and retaliation.  In addition, Defendants thereafter shall provide this training to new hires within thirty (30) days of the employee's hire date.

*EEOC, et al v.* GIPHX10, LLC d/b/a "Hawthorn Suites by Wyndham;" and JAFFER, INC.
[PROPOSED] CONSENT DECREE
2:20-CV-01369-RAJ-BAT
Page 11 of 18

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 FIRST AVE., SUITE 400
SEATTLE, WASHINGTON 98104
PHONE (206) 220-6884
FAX (206) 220-6911
TDD (206) 220-6882

28.     If either or both Defendants acquire an ownership interest in any hotel in Washington State from June 10, 2022 to December 31, 2024, all owners active in the business, and employees with primary responsibilities regarding harassment, discrimination, and retaliation claims shall receive in-person, interactive training about how to conduct such investigations.  The workplace investigations training shall be no less than one (1) eight (8) hour workday, which may include the two (2) hour training described in Paragraph 27 regarding Defendants' anti-harassment, anti-discrimination, and anti-retaliation policies, supervisory performance standards, and complaint and investigation procedures.

29.     The trainings described in Paragraphs 25-28 shall be developed and conducted by a third party with established experience conducting anti-discrimination and anti-retaliation training and workplace investigations.  All training materials and identification of the trainer must be submitted to the EEOC for review and comment no later than twenty (20) days prior to holding the first training sessions.  Within fifteen (15) days of receipt, the EEOC will advise Defendants of any comments.  EEOC agrees to review the proposed trainer and training materials in good faith.

30.     If either or both Defendants acquire an ownership interest in any hotel in Washington State from June 10, 2022 to December 31, 2024, and Defendants modify the EEO trainings identified in Paragraphs 25-29 during the duration of the Decree, Defendants shall submit to the EEOC for its review and comment the proposed modifications no later than twenty (20) days before adoption.  Within fifteen (15) days of receipt, the EEOC will advise Defendants of any comments.  EEOC agrees to review the proposed modifications in good faith.

31.     If either or both Defendants acquire an ownership interest in any hotel in Washington State from June 10, 2022 to December 31, 2024, then for the duration of this

*EEOC, et al v.* GIPHX10, LLC d/b/a "Hawthorn Suites by Wyndham;" and JAFFER, INC.
[PROPOSED] CONSENT DECREE
2:20-CV-01369-RAJ-BAT
Page 12 of 18

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 FIRST AVE., SUITE 400
SEATTLE, WASHINGTON 98104
PHONE (206) 220-6884
FAX (206) 220-6911
TDD (206) 220-6882

Consent Decree, Defendants shall notify the EEOC of the completion of the annual training sessions described in Paragraphs 25-30 and shall specify the names and job titles of the individuals who participated in and completed the training.  This information shall be provided as part of the quarterly reports Defendants submits to the EEOC.

G.      Non-Disclosure of Information

32.      Defendants shall ensure that no charge or allegation of discrimination against Defendants, and no reference to this lawsuit against Defendants, are included in Rodriguez's or Contreras's personnel file.  Defendants shall not disclose any information or refer to any charge of discrimination or this lawsuit in responding to requests for information about Rodriguez or Contreras.  If asked, Defendants shall provide a neutral job reference for Rodriguez and Contreras consisting of employment dates and positions held.

H.      Posting

33.      Defendants shall post a Notice to All Employees within five (5) days of entry of this Consent Decree.  This Notice is attached as Exhibit A to this Consent Decree.  The Notice shall be conspicuously posted on a bulletin board at any hotel in Washington State that either or both Defendants acquire an ownership interest in from June 10, 2022 to December 31, 2024.

I.      Reporting

34.      Defendants shall report to the EEOC during the term of the Consent Decree consistent with Paragraph 39.  The reporting period will commence within one hundred twenty (120) days of when either or both Defendants acquire an ownership interest in any hotel in Washington State from June 10, 2022 to December 31, 2024.  The reports shall be in writing and submitted on a quarterly basis during the three-year reporting period to:

*EEOC, et al v.* GIPHX10, LLC d/b/a "Hawthorn Suites by Wyndham;" and JAFFER, INC.
[PROPOSED] CONSENT DECREE
2:20-CV-01369-RAJ-BAT
Page 13 of 18

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 FIRST AVE., SUITE 400
SEATTLE, WASHINGTON 98104
PHONE (206) 220-6884
FAX (206) 220-6911
TDD (206) 220-6882

EEOC-SEFO_COMPLIANCE@eeoc.gov and SEFO_HAWTHORN@EEOC.GOV.  These

quarterly reports shall contain the following information and attachments:

   a.   Certification that Defendants have:

      1.  Continued to maintain its written policy and procedures and
      distributed copies of its policies as described in Paragraphs 17-
      21;

      2. Continued to maintain written policies and procedures to
      promote accountability as required by Paragraphs 22-23;

      3.  Complied with the training provisions enumerated in this
      Consent Decree, as provided in Paragraphs 25-31, and provided
      a list of all attendees, with job titles, for each training
      completed;

      4.  Complied with the Notice Posting requirement in Paragraph
      33;

      5.  Complied with all other provisions of this Consent Decree.

   b.   Copies of the following documents shall be included with each
        quarterly report:

      1.    A copy of the EEO policy and procedures maintained in
      accordance with the provisions of this Consent Decree;

      2.    A copy of its current EEO policy and a list of any changes,
      modifications or revisions to its EEO policies and procedures, if
      any, which concern or affect the subjects of discrimination,
      harassment or retaliation;

      3.    A report of the resolution of each internal formal or
      informal discrimination, harassment, or retaliation complaint
      made by employees or applicants, including:

         i.    identification of all individuals involved, including their
               titles and work locations;
         ii.   the particulars of the complaint;

*EEOC, et al v.* GIPHX10, LLC d/b/a "Hawthorn Suites by Wyndham;"
and JAFFER, INC.
[PROPOSED] CONSENT DECREE
2:20-CV-01369-RAJ-BAT
Page 14 of 18

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 FIRST AVE., SUITE 400
SEATTLE, WASHINGTON 98104
PHONE (206) 220-6884
FAX (206) 220-6911
TDD (206) 220-6882

     iii.    a summary of the investigation conducted by the investigator or Consultant according to the provisions of Paragraph 20 above;

     iv.    Consultant's or investigator's determination and any corrective action taken;

     v.    name(s) and title of individual(s) who received, investigated and or otherwise addressed and or took action based on the complaint; and

     vi.    the home address, home and cell phone numbers, and e-mail address for any complainants.

35.    If either or both Defendants acquire an ownership interest in any hotel in Washington State from June 10, 2022 to December 31, 2024, Defendants shall make available a senior manager or human resource official, or other appropriate personnel for audits upon request by EEOC to determine compliance with this Consent Decree. EEOC shall provide notice of audit subject matter not later than five (5) business days in advance but, at a minimum, the audit shall include whether Defendants have received any complaints about harassment or retaliation. Any requested audit will be conducted at a mutually agreeable time and place.

J.    Reentry into Washington State Hospitality Market

36.    Defendants shall (a) notify the EEOC within thirty (30) days if they acquire any ownership interest in any hotel in Washington State from June 10, 2022 to December 31, 2024; and (b) apply the terms of this Consent Decree to any such hotel in Washington State that they acquire an ownership interest in between June 10, 2022 and December 31, 2024.

K.    Enforcement

37.    If the EEOC determines that Defendants have not complied with the terms of this Consent Decree, the EEOC shall provide written notification of the alleged breach to Defendants. The EEOC shall not petition the Court for enforcement of this Consent Decree for at least thirty (30) days after providing written notification of the alleged breach. The EEOC and Defendants shall utilize the 30-day period to engage in good-faith efforts to resolve the dispute.

*EEOC, et al v.* GIPHX10, LLC d/b/a "Hawthorn Suites by Wyndham;" and JAFFER, INC.
[PROPOSED] CONSENT DECREE
2:20-CV-01369-RAJ-BAT
Page 15 of 18

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 FIRST AVE., SUITE 400
SEATTLE, WASHINGTON 98104
PHONE (206) 220-6884
FAX (206) 220-6911
TDD (206) 220-6882

L.      Retention of Jurisdiction

38.      The United States Court for the Western District of Washington shall dismiss the

EEOC's complaint with prejudice and retain jurisdiction over this matter for the duration of this

Consent Decree for enforcement purposes.

39.      This Consent Decree shall be in effect for three (3) years from the date of entry of

the Decree. If the EEOC petitions the Court for breach of this Consent Decree, and the Court

finds Defendants to be in violation of the terms of the Consent Decree, the Court may extend the

duration of this Consent Decree.

RESPECTFULLY SUBMITTED this 23rd day of June 2022.


EQUAL EMPLOYMENT OPPORTUNITY COMMISSION


| | |
|---|---|
| ROBERTA L. STEELE | GWENDOLYN YOUNG REAMS |
| Regional Attorney | Acting General Counsel |
| | |
| DAMIEN LEE | CHRISTOPHER LAGE |
| Supervisory Trial Attorney | Deputy General Counsel |
| | |
| CARMEN FLORES | |
| Senior Trial Attorney | |


BY:  _s/ Roberta Steele_____
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
909 First Avenue, Suite 400                          Office of the General Counsel
Seattle, WA  98104-1061                              131 "M" Street NE
Telephone 650-684-0939                               Washington, D.C. 20507
Email:  roberta.steele@eeoc.gov

Attorneys for Plaintiff EEOC


BY: _s/ Aaron Rocke_____
Aaron V. Rocke
Rocke Law Group, PLLC
500 Union Street, Suite 909

*EEOC, et al v.* GIPHX10, LLC d/b/a "Hawthorn Suites by Wyndham;"
and JAFFER, INC.
[PROPOSED] CONSENT DECREE
2:20-CV-01369-RAJ-BAT
Page 16 of 18

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 FIRST AVE., SUITE 400
SEATTLE, WASHINGTON 98104
PHONE (206) 220-6884
FAX (206) 220-6911
TDD (206) 220-6882

Seattle, WA 98101
Telephone (206) 652-8670
Email: aaron@rockelaw.com
206/652-8670

Attorney for Defendants

*EEOC, et al v.* GIPHX10, LLC d/b/a "Hawthorn Suites by Wyndham;"
and JAFFER, INC.
[PROPOSED] CONSENT DECREE
2:20-CV-01369-RAJ-BAT
Page 17 of 18

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 FIRST AVE., SUITE 400
SEATTLE, WASHINGTON 98104
PHONE (206) 220-6884
FAX (206) 220-6911
TDD (206) 220-6882

**CERTIFICATE OF SERVICE**

I hereby certify that on June 23, 2022, I electronically filed the foregoing document titled

"**[PROPOSED] CONSENT DECREE**" with the Clerk of the Court using the CMF/ECF

system, which will send notice of such filing to all counsel of record.

*/s/Rebecca Eaton*
Paralegal Specialist
Seattle Field Office
909 1st Avenue, Suite 400
Seattle, Washington 98104-1061

*EEOC, et al v.* GIPHX10, LLC d/b/a "Hawthorn Suites by Wyndham;" and JAFFER, INC.
[PROPOSED] CONSENT DECREE
2:20-CV-01369-RAJ-BAT
Page 18 of 18

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 FIRST AVE., SUITE 400
SEATTLE, WASHINGTON 98104
PHONE (206) 220-6884
FAX (206) 220-6911
TDD (206) 220-6882